270 So.2d 595 (1972)
OUACHITA AIR CONDITIONING, INC., Plaintiff-Appellant,
v.
C. G. PIERCE, Defendant-Appellee.
No. 11923.
Court of Appeal of Louisiana, Second Circuit.
September 12, 1972.
*596 Massey & Robinson by Charles W. Robinson, West Monroe, for plaintiff-appellant.
Madison, Files, Garrett, Brandon & Hamaker by Charles L. Hamaker, Monroe, for defendant-appellee.
Before PRICE, HEARD and HALL, JJ.
HALL, Judge.
Plaintiff, Ouachita Air Conditioning, Inc., sued defendant, C. G. Pierce, for $702 allegedly due as the agreed price for a four-ton Amana condenser unit sold by plaintiff to defendant and installed at defendant's home in Monroe. Defendant answered denying any indebtedness and alleging that he agreed to purchase a York condenser unit but that plaintiff installed an Amana unit which was unacceptable to defendant. By way of reconventional demand, defendant prayed for the return of the replaced York unit removed by plaintiff from his home or, alternatively, for $250 as the value of the used York unit.
After trial on the merits, for oral reasons transcribed into the record, the trial judge rejected the demands of both parties. Plaintiff appealed devolutively. Defendant neither appealed nor answered plaintiff's appeal and, therefore, his reconventional demand is not before this court. We affirm the judgment of the City Court.
Defendant's home was equipped with a four-ton York air conditioning system which had originally been engineered and installed by Ballard's, a York distributor. The unit was not cooling properly so defendant called a Mr. Walters, who had been servicing the unit and who was with Ballard's at the time the unit was installed. Walters said he was no longer in the air conditioning repair business and suggested that defendant contact Mr. Lawler, who is president of Ouachita Air Conditioning, Inc. Defendant checked with Ballard's and was informed that Lawler formerly worked for that company when they were installing air conditioners. Defendant then called Lawler and asked him to come out and check the unit and repair it.
Lawler handled Amana air conditioning units and advertised generally as an Amana dealer but this fact was never communicated by Lawler to defendant.
Upon checking defendant's unit, Lawler found that one of the two two-ton compressors *597 was burned out and needed replacing and the other compressor was not working properly. That night Lawler telephoned defendant and suggested that the two compressors be replaced with one four-ton condensing unit. Lawler quoted defendant a price and in answer to defendant's inquiry, assured defendant that the new unit carried a five-year warranty. Defendant agreed to the price and instructed Lawler to go ahead and install the new unit which Lawler advised was on order and should arrive in a few days. The brand name of the new unit was never mentioned. Defendant never stated that he was expecting a York unit to be installed and Lawler never advised defendant he intended to install an Amana unit.
When the new unit arrived, Lawler installed it at plaintiff's home replacing the two York compressors which he removed from the premises. That evening defendant observed that the new unit installed was an Amana unit and he immediately telephoned Lawler and told him that he was expecting a York unit and did not want any brand other than York. Some discussion and negotiations were had between Lawler and defendant about getting a York unit in place of the Amana but they could not agree on the extra cost, particularly as to who should bear the additional installation expense. Defendant made other arrangements and had a new York unit installed and asked Lawler to pick up the Amana unit which he refused to do. This suit followed.
Plaintiff takes the position that it entered into a contract with defendant for the sale and installation of a four-ton condensing unit of unspecified brand at an agreed price and that plaintiff fulfilled its end of the contract by installing a new unit equivalent to the old one and capable of performing the required mechanical function. Plaintiff contends that if there was error or mistake on the part of defendant as to the brand of unit to be installed such error was unilateral and was unknown to plaintiff and cannot serve as the basis for invalidating the contract under LSA-Civil Code Article 1826, citing Hello World Broadcasting Corporation v. International Broadcasting Corporation, 186 La. 589, 173 So. 115 (1937) and Jefferson Truck Equipment Co. v. Guarisco Motor Co., 250 So.2d 211 (La.App.1st Cir. 1971).
Defendant contends that there was never a completed contract or sale between the parties because there was never a meeting of the minds as to the object of the sale as required by LSA-Civil Code Article 2456. Defendant further contends that if there was a completed contract it is subject to rescission for error as to the substance or object as set forth in LSA-Civil Code Article 1843.
There is nothing in the evidence to indicate that either party acted other than in complete good faith and the testimony of both Lawler and Pierce was straightforward and frank. The evidence supports a finding that Lawler honestly believed that since no brand was specified the agreement was simply for a four-ton condensing unit which would do a job equivalent to the one being replaced. The evidence equally supports a finding that Pierce honestly believed that since they were discussing replacement of a major component part of a complete York system, then the replacement unit would be of the same brand. This belief on the part of defendant was entirely reasonable in view of the fact that he was put in contact with plaintiff through a York serviceman and a York distributor and Lawler was recommended as being experienced in repairing York units.
LSA-Civil Code Article 2439 provides that three circumstances must concur for the perfection of a contract of sale, namely, the thing sold, the price and the consent. Article 2456 provides that the sale is considered to be perfect as soon as there exists an agreement for the object and for the price thereof. In this instance the contract of sale was never perfected because there was no meeting of the minds or agreement as to the thing or object. *598 Otherwise stated, there was error of fact as to the thing or object which vitiated consent and rendered the contract voidable.
LSA-Civil Code Articles 1819 and 1820 declare that requisite consent to a contract is lacking when there exists an error of fact. To vitiate a contract, an error of fact must pertain to the principal cause for making the agreement and must pertain to either the motive for making the contract, the person with whom the contract is made, or to the subject matter of the contract itself. LSA-Civil Code Article 1823. No error in the motive can invalidate a contract unless the other party was apprised that it was the principal cause of the agreement or unless from the nature of the transaction it must be presumed that he knew it. LSA-Civil Code Article 1826. Error as to the thing invalidates a contract only if it bears upon the substance or some substantial quality of the thing that constitutes the object of the agreement. LSA-Civil Code Article 1842. There is error as to the substance when the object is of a totally different nature from that which is intended. LSA-Civil Code Article 1843. Error as to the substantial quality of an object refers to that quality which gives the object its greatest value. LSA-Civil Code Article 1844. Error as to other qualities of an object will also serve to vitiate a contract if such qualities constitute the principal cause of making the contract. LSA-Civil Code Article 1845. The cause of a contract is the consideration or motive for making it. LSA-Civil Code Article 1896.
The Hello World and Jefferson Truck Equipment Co., cases cited by plaintiff stand for the proposition that a contract may be invalidated for unilateral error of fact if the other party is apprised of the motive or principal cause of the agreement or is presumed to know the motive or principal cause.
We are convinced that this case falls squarely under LSA-Civil Code Article 1845, in that there was error of fact as to the quality of the object, that is, the manufacturer of the unit, and that this quality was a principal cause of making the contract from defendant's standpoint. While the seller did not have actual knowledge that this was a principal cause or motive it should be presumed that he knew it from the nature of the transaction and, therefore, the test of Article 1826 is met. Although Lawler was in good faith, when he was confronted with a complete York system in which a major component needed replacing he should have been aware that without anything being said to the contrary, the buyer would expect replacement with the same brand of unit. The trial court was correct in setting aside the sale and rejecting plaintiff's demands.
For the reasons assigned, the judgment of the City Court is affirmed.
Affirmed.