355 So.2d 611 (1978)
J. T. WHEAT
v.
BOUTTE AUTO SALES.
No. 8751.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1978.
Rehearings Denied March 14, 1978.
Writ Refused May 5, 1978.
*612 William Henry Sanders, Jena, Morris G. Becnel, Boutte, for plaintiff-appellee.
James P. Vial, Leon C. Vial, III, Hahnville, for defendant-appellant.
Before REDMANN, BOUTALL and BEER, JJ.
REDMANN, Judge.
Defendant used car dealer appeals from a judgment decreeing redhibition of the 1975 sale of a used 1971 Cadillac automobile and awarding to the purchaser $7,511.59 (composed of the $2,870.19 price, $2,500 in damages and $2,000 attorneys' fees) with interest from judicial demand and an expert's fee fixed at $100.
We affirm the redhibition but reduce damages to $511.21, attorneys' fees to $1,000 (including an allowance for part of attorney's fees for this appeal) and the expert's fee to $57, and we allow interest on price and damages only, from date of return of the automobile to defendant; see Boudreaux v. Mazda Mtrs. of Am., Inc., La.App. 4 Cir. 1977, 347 So.2d 504.
The expert only charged plaintiff $57 for his travel and time, and plaintiff cannot recover more. The only damages arguably shown were $129.81 expenses of sale (sales tax and license), $141.40 for a windshield and $240 for tires (plaintiff said he had to buy four "sets" in 26,000 miles, during which time we presume he might have expected to buy two sets; and he qualified sets by declaring that only three of the four tires would wear out prematurely: so we conclude he bought six tires, at $40 each, that he should not have had to buy but for the wrecked condition of the automobile). Damages for aggravation, distress and inconvenience are not recoverable; Meador v. Toyota of Jefferson, Inc., La.1976, 332 So.2d 433.
The testimony of plaintiff, corroborated by defendant's salesman, is that he repeatedly expressed to the salesman that he did not want and would not buy a wrecked automobile, thus establishing that the acquisition of a non-wrecked automobile was his principal motive, communicated to the seller. The salesman told him that this car had not been wrecked. An expert's testimony establishes that the car had been badly wrecked, with evidence of damage in many areas of the car. Thus even if the seller's declaration were made in good faith, redhibition is expressly available under C.C. 2529 [1] (see also C.C. 1824-1826[2]).
The expert's testimony also supports the trial judge's conclusion that the seller *613 knew that the car had been badly wrecked. The expert testified that anyone who worked with and was reasonably familiar with automobiles and their condition after repairs would have known, from many evident signs he detailed, that this car had been badly wrecked, with severe damage in several areas. Despite defendant's denial that he knew the car had been wrecked (he also denied that it had been wrecked), the expert's testimony and defendant's presumed expertise as a dealer together support the factual inference that defendant knew that the car had been wrecked. We cannot reject the reasonably supported factual conclusions of the trial judge; Canter v. Koehring, La.1973, 283 So.2d 716. Nor can we reject his conclusion that the tell-tale defects, although obvious to a quasi-expert, were not obvious to a layman as proof of a prior wreck or wrecks. Thus C.C. 2547,[3] the bad-faith analogue to C.C. 2529, applies to afford redhibition.
We reduce the $2,000 award for attorney's fees because the case did not involve a large amount of money ($3,000) and was neither complex nor time-consuming. Fees for earlier proceedings in a parish of indisputably improper venue (which also thicken this record) are not recoverable because they are not "reasonable attorney's fees" which alone are recoverable under C.C. 2547. Nor are full attorneys' fees for this appeal, since defendant did not cause the necessity of appeal as to quantum of damages and attorney's fees. We conclude that $1,000 is the maximum total for reasonable attorneys' fees for this case.
Finally, on the question of a compensation for use of the automobile for 26,000 miles, we follow the rule that, in the absence of contrary evidence, value of use of the thing equals that of the use of the buyer's price; Farmer v. Fisk, La.1844, 9 Rob. 351; Harvey v. Kendall, 1847, 2 La. Ann. 748. (C.C. 2531, as amended by Acts 1974 No. 673, applies by its terms to a good-faith seller and there is no contention that it applies to a bad-faith seller.)
The judgment is reduced to $3,381.40 with interest from return of the automobile, plus $1,000 attorneys' fees; and the expert's fee is reduced to $57. Costs of this appeal are to be divided between the parties.
NOTES
[1] A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase.
[2] The reality of the cause is a kind of precedent condition to the contract, without which the consent would not have been given, because the motive being that which determines the will, if there be no such cause where one was supposed to exist, or if it be falsely represented, there can be no valid consent.

The error in the cause of a contract to have the effect of invalidating it, must be on the principal cause, when there are several; this principal cause is called the motive, and means that consideration without which the contract would not have been made.
No error in the motive can invalidate a contract, unless the other party was apprised that it was the principal cause of the agreement, or unless from the nature of the transaction it must be presumed that he knew it.
[3] A declaration made by the seller, that the thing sold possesses some quality which he knows it does not possess, comes within the definition of fraud, and ought to be judged according to the rules laid down on the subject, under the title: Of Conventional Obligations. It may, according to circumstances, give rise to the redhibition, or to a reduction of the price, and to damages in favor of the buyer.