499 So.2d 509 (1986)
COCHRAN FORD, INC., Plaintiff-Appellant,
v.
Luther COPELAND d/b/a D & L Motors and Dennis Crain Dodge, Inc., Defendants-Appellees.
No. 18193-CA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1986.
Rehearing Denied January 15, 1987.
*510 Cotton, Bolton & Hoychick by Terry A. Doughty, Winnsboro, for plaintiff-appellant.
Bennie Mac Farrar, Monroe, Adcock & Dupree, by Herschel C. Adcock, Baton Rouge, for defendants-appellees.
Before MARVIN, FRED W. JONES, Jr., JJ., and CULPEPPER, J. Pro Tem.
CULPEPPER, Judge Pro Tem.
Plaintiff, Cochran Ford, Inc., appeals a lower court judgment in favor of defendants, Luther Copeland d/b/a D & L Motors and Dennis Crain Dodge, Inc., denying its claim for rescission of the sale of a used car either for redhibitory defects or error of fact as to the title.
We agree with the trial judge that the sale cannot be rescinded for redhibitory defects (damages due to a prior accident) since the purchaser was aware of these defects at the time of the sale. However, we find the sale must be annulled for error of fact, that is, the words "RECONSTRUCTED VEHICLE" were typed on the face of the title, a fact unknown to the purchaser at the time the sale was perfected.
In late January, 1984 plaintiff's sales manager, Denson Walters, after inspecting a 1981 silver and maroon Mercury Grand Marquis on the lot of D & L Motors, agreed to purchase it from Copeland for $5,500. Copeland had previously bought the car from Dennis Crain Dodge. At the time of the sale, D & L Motors was located in Monroe while Cochran Ford was headquartered in Rayville. In early February, 1984 the used car was delivered to plaintiff in Rayville and the vehicle's title and registration papers followed several days later. Plaintiff tendered payment upon receipt of the title.
About a week later, plaintiff, a used car dealer, attempted to sell the Grand Marquis to a prudent purchaser who called the car's previous owner and was told that it had been wrecked. The potential purchaser relayed this information to plaintiff who decided to check the title whereupon it discovered "RECONSTRUCTED VEHICLE" was written across the face.
Plaintiff instituted this action against Copeland and Copeland's vendor, Dennis Crane Dodge, Inc., seeking rescission of the sale based upon redhibition and error of fact. Copeland filed a third party demand against Dennis Crain Dodge.
At trial, Denson Walters testified Copeland did not disclose to him that the car had been wrecked. Walters did admit, however, that when he inspected the car at Copeland's lot in Monroe he could tell the back left side had been repainted. He further admitted that he did not ask Copeland about the paint job or any repair work that might have been performed. He stated the condition of the car was not discussed.
According to Copeland, Walters was informed that the left quarter panel and rear end had been wrecked and repainted. Other evidence at the trial indicated that the repair work was detectable upon inspection. However, neither plaintiff nor its sales manager saw the car's title or was informed that the words "RECONSTRUCTED VEHICLE" appeared on the title when the sale was perfected at Copeland's lot in Monroe. Plaintiff did not become aware of this problem until the title was later delivered to its office in Rayville.
Plaintiff's expert, Willie Crane, testified the words "RECONSTRUCTED VEHICLE" on the title reduced the value of the car by $2,000 to $2,500.
After reviewing the evidence, the trial court concluded that if the words "RECONSTRUCTED VEHICLE" constituted a vice or defect, plaintiff knew or should have *511 known of its existence. The court noted both parties were in the business of buying and selling used cars. Since the defect was apparent, discoverable by simple inspection of the title, the trial court denied plaintiff's claim for relief.
In reversing the judgment of trial court, we find plaintiff is entitled to have the sale rescinded, not on the basis of redhibition, but on the basis of there having been an error of fact as to the principal cause for the contract.
Of particular importance to our decision is LSA-C.C. Art. 2456, which provides "The sale is considered to be perfect between the parties ... as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid." Jurisprudence has established the rule that the time of perfection of the sale of a motor vehicle is governed by LSA-C.C. Art. 2456 and not by the time of delivery of title required by the Vehicle Certificate of Title Law. Scott v. Continental Ins. Co., 259 So.2d 391 (La.App. 2d Cir.1972); W.C.C., Inc. v. Davis, 185 So.2d 607 (La.App. 1st Cir.1966), writ denied, 249 La. 484, 187 So.2d 450 (1966). Under these rules, the sale in the present case was perfected when Cochran's sales manager and Copeland agreed on the car and the price at Copeland's lot in Monroe, at which time Cochran had no knowledge that the title had the words "RECONSTRUCTED VEHICLE" typed on its face. Cochran did not know this fact until after the title was later delivered.
In order to have a valid contract there must be consent by the parties. LSA-C.C. Art. 1779. An error of fact can vitiate this consent. LSA-C.C. Art. 1821. There is an error of fact when one is ignorant of a fact which exists or believes in the existence of a fact which does not exist. LSA-C.C. Art. 1821. To vitiate a contract, an error of fact must pertain to a principal cause for making the agreement and may pertain to either the motive for making the contract, the person with whom the contract is made, or to the subject matter of the contract itself. LSA-C.C. Art. 1823. An error as to the cause of a contract must relate to the principal cause, which is defined as "... the motive, and means that consideration without which the contract would not have been made." LSA-C.C. Art. 1825. No error of fact in the motive can invalidate a contract unless the other party was apprised that it was the principal cause of the agreement or unless from the nature of the transaction it must be presumed that he knew it. LSA-C.C. Art. 1826. Error as to the thing invalidates a contract only if it bears upon the substance or some substantial quality of the thing that constitutes the object of the agreement. LSA-C.C. Art. 1842. The error may be as to the substantial quality of the object, or some other quality which was the principal cause of making the contract. LSA-C.C. Arts. 1844 and 1845.
Plaintiff argues his ability to resell the used car at a profit was the principal cause of the contract and that he would not have purchased the vehicle had he known "RECONSTRUCTED VEHICLE" was written across the title because it greatly reduced the car's value.
In Gour v. Daray Motor Co., Inc., 373 So.2d 571 (La.App. 3d Cir.1979), writ granted, 376 So.2d 1270 (La.1979), writ dismissed, 377 So.2d 1033 (La.1979), plaintiff purchased an Oldsmobile and later discovered it was equipped with a Chevrolet engine. While the court's decision rested on consumer protection laws, it found ample grounds for rescission based on error as to the principal cause for purchasing the car. The court noted that in order to invalidate a sale when the error relates to motive, it must be shown that the other party was apprised of the principal cause of the agreement or should have known it from the transaction.
Two other decisions by this court reached similar conclusions. In Ouachita Air Conditioning, Inc. v. Pierce, 270 So.2d 595 (La.App. 2d Cir.1972), a home owner contracted for the installation of an air conditioning unit. The existing unit was a York brand and the air conditioning contractor *512 was listed as a York dealer. After the unit was installed, the buyer discovered that the unit was an Amana and refused to pay for it. The court found the buyer's principal cause was to purchase a York unit and rescinded the contract due to this error.
In Ouachita Equipment Rental Co. v. Trainer, 408 So.2d 930 (La.App. 2d Cir. 1981), plaintiff intended to lease a tractor trailer rig with a "air-ride" cab. Shortly thereafter, he returned the truck after discovering it did not possess such a feature and refused to honor the lease agreement. The lessor sued. The court concluded the lessor was aware of the fact that the lessee's motive was to obtain a truck with an air-ride cab, therefore the contract was invalid due to an error in the principal cause. In discussing the Ouachita Air Conditioning case and the Gour case this court stated:
These cases show that even though the thing delivered is very near what was requested by the party if it differed in the aspect which caused the party to enter the contract then there is error as to the motive or principal cause. Just as it is not enough that a party gets an Amana unit when he wanted a York unit or a Chevrolet engine when he wanted an Oldsmobile engine, it is not sufficient that these parties got a truck when they wanted a truck with an air ride cab.
408 So.2d at 936.
In a recent case involving similar circumstances the First Circuit rescinded the sale of the used truck based on an error of fact. In Jeansonne v. Leon Pickard Chevrolet, 447 So.2d 551 (La.App. 1st Cir.1984), plaintiff intended to purchase a used diesel pickup truck with a warranty valid for the next 38,000 miles. After taking the truck in for repairs he was informed the extended warranty did not apply to him. The purchaser sued to rescind the sale claiming that he would not have purchased the truck had he known there was no warranty. The court determined the seller knew or should have known that the existence of the warranty was extremely important to a potential buyer, and invalidated the sale on the basis of error in the principal cause. The court held it was not enough that plaintiff got a diesel pick-up truck (with no warranty) when he intended to purchase a diesel pickup truck with a warranty valid for the next 38,000 miles.
In the present case, plaintiff testified unequivocally that it would not have purchased the car if it had known of the "RECONSTRUCTED VEHICLE" language on the title. We conclude the seller (Luther Copeland d/b/a D & L Motors) knew or should have known that a car possessing an unrestrictive and marketable title was an extremely important factor to a potential buyer who was in the business of buying and selling used cars for profit.
Defendants argue there was no error of fact because the words "RECONSTRUCTED VEHICLE" were clearly denoted on the front of the title. However, we cannot charge plaintiff with knowledge, either actual or constructive, of information unavailable to him. As discussed above, at the moment the sale was perfected plaintiff had not yet received the title or been informed of any problems regarding it.
We are convinced there was an error of fact in the principal cause of making the sale from plaintiff's standpoint because the reconstructed vehicle title decreased the car's market value and thwarted the dealer's ability to resell the used car at a profit.
Since the object of a rescission is to annul the sale and place the parties in the same position as if there had been no sale, plaintiff is entitled to recover the purchase price of $5,500.00 from defendant, Luther Copeland d/b/a D & L Motors.
Next, we address Copeland's third party demand against Dennis Crain Dodge. Copeland has not appealed or answered the appeal, but this is not necessary. See Bond v. Commercial Union Assur. Companies, 387 So.2d 617 (La.App. 3d Cir. 1980), modified, 407 So.2d 401 (La.1981); and Stephens Co. v. Keigley, 487 So.2d 177 (La.App. 3d Cir.1986). Copeland purchased *513 the used car under similar circumstances as did plaintiff, in that he was unaware of the "RECONSTRUCTED VEHICLE" language when he agreed to buy the car from Dennis Crain. Copeland, like plaintiff, did not receive the title until after the sale was complete. Further, he testified at trial that he would not have purchased the car had he known of the reconstructed vehicle title. Therefore, the third party plaintiff is entitled to judgment against Dennis Crain Dodge invalidating the sale from Crane based upon error as to the principal cause for making the sale.
The only evidence concerning the price Copeland paid for the car was given by Crain. He testified that he sold the car for $4,700.00. Thus, Copeland is entitled to recover $4,700.00 from Dennis Crain Dodge on his third party demand.

DECREE
For the reasons assigned, the judgment appealed is reversed and set aside. We render judgment in favor of plaintiff, Cochran Ford, Inc., against defendant, Luther Copeland d/b/a D & L Motors, annulling the sale between them and ordering defendant to pay to plaintiff the sum of $5,500.00, plus legal interest from the date of judicial demand until paid and all costs of these proceedings. It is further ordered that upon payment of this judgment Cochran Ford, Inc. deliver to Luther Copeland d/b/a D & L Motors possession of the vehicle and all papers necessary to transfer title.
It is further ordered, adjudged, and decreed that there be judgment in favor of Luther Copeland d/b/a D & L Motors, as third party plaintiff, against Dennis Crain Dodge, Inc., as third party defendant, annulling the sale between them and ordering Crain to pay to Copeland the sum of $4,700.00, plus legal interest from the date of judicial demand until paid and for all costs of these proceedings. It is further ordered that upon payment of this judgment Luther Copeland d/b/a D & L Motors relinquish possession of the vehicle to Dennis Crain Dodge, Inc. and execute in its favor all necessary title documents.
REVERSED AND RENDERED.