517 So.2d 377 (1987)
Lawrence J. BOTELER, Jr.
v.
Rudolph TAQUINO and R.P. Bordelon.
No. 87-CA-359.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1987.
Roland R. Selenberg, Metairie, for plaintiff-appellant Lawrence J. Boteler, Jr.
James S. Quinlivan, Jr., River Ridge, for defendant-appellee Rudolph Taquino.
*378 Before KLIEBERT, WICKER and GOTHARD, JJ.
KLIEBERT, Judge.
The plaintiff, Lawrence J. Boteler, Jr., filed a petition in redhibition seeking to rescind a sale of a 1978 Buick Regal purchased from the defendant Rudolph Taquino. Originally judgment was rendered rescinding the sale and requiring seller to return to the buyer the $3,100.00 purchase price plus legal interest. However, on a motion for a new trial the trial court vacated the original judgment against the seller and dismissed the buyer's claim. The buyer perfected this devolutive appeal. For the reasons which follow we affirm the judgment dismissing the buyer's claim.[1]
In August of 1983 Boteler (buyer) decided to buy a used car for his stepdaughter, Julie Purcell. Purcell expressed an interest in a 1978 Buick Regal advertised in "News on Wheels" and made an appointment to see the advertised owner, Rudolph Taquino (seller) to inspect the vehicle. On August 31, 1983, Boteler, his wife and Purcell inspected the vehicle at Taquino's residence. During the course of negotiations Boteler inquired as to whether the vehicle had ever been involved in an accident. Taquino stated he had recently acquired the vehicle from a personal friend and it had not, to his knowledge, been involved in an accident. Although Boteler expressed a desire to have the vehicle inspected by a mechanic prior to purchase, he purchased the vehicle on September 1, 1986 without doing so. Four days later Purcell experienced mechanical problems with the vehicle and took it to a mechanic. The mechanic informed her the vehicle had at some time in the past been wrecked. Boteler tendered the vehicle back to Taquino. When Taquino refused the tender Boteler sued, alleging redhibition.
At the hearing Boteler, his wife and Purcell testified it was very important to them that the vehicle they purchased had not been wrecked because they felt the possibility of hidden damage was too great. To this end they asked Taquino whether the car had ever been wrecked; Taquino repeatedly informed them that to his knowledge it had not. Subsequently, Boteler discovered the car had been in two major accidents while in the possession of the original owner, Sebastian J. Messina. Messina testified the first accident in 1980 caused $1,500.00 in damages. After the second accident in 1982 he collected $2,500.00 from his insurance company and sold the car to Uptown Body Repair for $2,500.00. R.P. Bordelon subsequently purchased the vehicle and sold it to Taquino. Both Bordelon and Taquino testified they would not have purchased the vehicle had they known it had been involved in an accident, but in fact, they did not know the car had been involved in an accident.
Although the buyer alleged the following defects in the car:
1. The automobile had been in an accident and the frame was bent and bondo had been used to repair a fender.
2. The radiator had been broken and was improperly repaired and was coming apart and needed rodding out.
3. Fuel lines and connections were leaking.
4. Power steering gear box was leaking.
5. Transmission was leaking.
6. Valve cover was leaking.
7. Front wheel brakes needed relining and drums needed turning.
8. Transmission mounting bolt was missing.
9. Exhaust hangers needed replacing and the exhaust system was leaking.
10. Alternator needed replacing (it ruined battery).
11. Many other small defects,
no effort was made at the hearing to prove these defects; thus, he relied on the contention the vehicle had been wrecked.
*379 On appeal the buyer contends he would not have purchased the car had he known it had been involved in an accident and urges a recision of the sale under the provisions of LSA-C.C. Article 2529, which provides:
"A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase."
On the other hand, the seller contends the mere fact a vehicle has been wrecked does not constitute a defect and, in the absence of proof of a specific defect (such as a bent fender or frame), does not support an action in redhibition under LSA-C. C. Article 2520, which provides as follows:

"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
Redhibition under LSA-C.C. Article 2529 is not based on the existence of a defect in the thing sold but rather is an extension of the principal that consent to a contract may be vitiated by error, fraud or duress at its inception. See LSA-C.C. Article 1948, et seq.[2] Error vitiates consent when it concerns a cause without which the obligation would not have occurred and that cause was known or should have been known to the other party. LSA-C.C. Article 1949. Error may concern a cause when it bears on the thing that is the contractual object or a substantial quality of that thing. LSA-C.C. Article 1950. Moreover, in Reiners v. Stran-Steel Corporation, 317 So.2d 657 (La.App. 3rd Cir.1975) writ denied 320 So.2d 914 (La.1975), the court announced that a declaration by the seller that the object sold has some quality, which it is found not to have, gives rise to an action in redhibition under LSA-C.C. Article 2529, if this quality was the principal motive for making the purchase, even though such quality does not constitute a vice or defect.
In Wheat v. Boutte Auto Sales, 355 So. 2d 611 (La.App. 4th Cir.1978) writ denied 357 So.2d 1166 (La.1978), the court stated that even if a used car salesman's inaccurate representation that a vehicle had not been wrecked was made in good faith, redhibition may be available under Civil Code Article 2529 (1948) if the evidence established that the acquisition of a non-wrecked automobile was the buyer's principle motive and it had been communicated to the seller. However, in fact, the court affirmed the trial judge's conclusion that the seller knew that the car had been severely damaged in a wreck but did not inform the buyer of the car, and on that basis granted redhibition. The present case is distinguishable from Wheat because the seller did not know and had no way of knowing the car had been wrecked.
In Danilson v. Crown Buick, Inc., 480 So.2d 503 (La.App. 5th Cir.1985) the court held the seller (automobile dealership) of a 1981 Buick Regal was responsible and obligated to inform the buyer that the vehicle had been wrecked. Like Wheat Danilson is distinguishable from the present case on the facts.
Danilson involved a demonstrator less than one year old with 3000 miles on the odometer, which was sold by an automobile dealership as a like-new vehicle with a new car warranty to a buyer who wanted to purchase a new car, although the dealership knew or should have known the car had been wrecked. In the present case the car involved was five years old with substantial odometer mileage and the fact it had been wrecked was known only to the original owner. Neither the seller here nor his predecessor in title knew or had reason to believe the car was wrecked. Although the buyers testified there desire was to acquire a used car which had not been wrecked, it is apparent the trial judge made a credibility call on this testimony and that of the seller and his predecessor who said *380 they did not know the car had been wrecked. Additionally, there was no showing the wrecks left defects in the car.
For the above stated reasons, we cannot say the trial judge erred. Accordingly, we affirm his judgment. Costs of the appeal are imposed on plaintiff-appellant.
AFFIRMED.
NOTES
[1] The original judgment was rendered by an ad hoc parish court judge on October 18, 1985. A new trial was granted on June 9, 1986. Some seven months later (January 30, 1987) the judgment on appeal was rendered, again by the ad hoc judge.
[2] By Acts 1984, No. 331 § 1, effective January 1, 1985, former Civil Code Articles 1756 to 2291 were revised and redesignated. Present Articles 1948, et seq. do not change the law but rather restate principals found in the former articles.