FORET, Judge.
Plaintiff, Lake Charles Auto Salvage, Inc. filed suit against defendant, Gary C. Stine, to recover the purchase price and vehicle transfer fees due on a 1981 Ford Mustang automobile. The trial court rendered judgment in favor of plaintiff, and defendant has appealed.
FACTS
In December of 1985, defendant’s wife, Vicki Stine, went to Lake Charles Auto Salvage, Inc. to inquire about a 1981 Ford Mustang automobile advertised for sale in a local newspaper. The Stines were interested in purchasing a good used car for their teenage daughter, who accompanied Mrs. Stine on this initial visit to plaintiffs place of business. Mrs. Stine inspected the vehicle as it was being repaired by defendant’s employee, Ralph Gibson. She inquired as to whether or not the vehicle had been wrecked and was told by Gibson that it had been wrecked in the area of the right front fender. She examined that portion of the vehicle and testified that it appeared to her that it had been well repaired. Mrs. Stine and her daughter liked the car and returned the following day to take a test drive. Later on that same day, Mrs. Stine called Harry Guillory, owner of Lake Charles Auto Salvage, Inc., and expressed an interest in purchasing the car for her daughter. Mrs. Stine once again inquired about the damage to the front portion of the vehicle and was told by Guillory that the area around the right front fender had been damaged in a prior auto accident. Guillory also advised her that it was necessary to replace the radiator as well as. the condenser. Mrs. Stine discussed purchasing the vehicle with her husband, and she advised him of the fact that it had been damaged in a prior automobile accident. Nevertheless, the Stines decided to purchase the car for their daughter and accordingly, Mr. and Mrs. Stine went to Lake Charles Auto Salvage, Inc. on the following Monday to close the deal. At this time, Mr. Stine executed a bill of sale, paid the full purchase price of $3,750, and immediately took delivery of the vehicle.
*838 The following day, Mrs. Stine returned to Lake Charles Auto Salvage, Inc. to pick up the license plate and certificate of registration. Upon returning home, Mrs. Stine noticed that the word “Reconstructed” was printed on the certificate of registration. Alarmed by this, she contacted the Department of Motor Vehicles and was advised that the word “Reconstructed” meant that the car had been adjudged a total loss as a result of a prior auto accident. Mrs. Stine then discussed these findings with her husband, who called Guillory and advised him that he no longer wanted the car because he did not feel it would be safe for his daughter to drive. Although Guillory refused to rescind the sale, Mr. Stine stopped payment on his check given for the purchase price and returned the car to plaintiffs place of business the following Friday.
Defendant contends that there was no “meeting of the minds”, thus entitling him to rescind the sale, because:
1. At the time he purchased the vehicle, he did not know it was a “Reconstructed” vehicle or a vehicle that had been adjudged a total loss;
2. Harry Guillory, owner of Lake Charles Auto Salvage, Inc., led him to believe that he purchased the vehicle in question for personal use and not for resale in the business;
3. Guillory further misrepresented the extent of damage to the vehicle resulting from the prior auto accident.
With regard to defendant’s first complaint, defendant contends that he would not have purchased the vehicle in question had he known that it was a “Reconstructed” vehicle. Defendant does not allege and did not present any evidence tending to show that the vehicle was not mechanically or structurally sound. He simply maintains that the sale should be rescinded based upon the fact that he was unaware, at the time he purchased the vehicle, that it was a “Reconstructed” vehicle. La.R.S. 32:707 J(2) requires the term “Reconstructed” to be placed on the title of all rebuilt salvage vehicles. A salvage vehicle is a vehicle purchased for salvage value after it has been adjudged a total loss. La.R.S. 32:702(11) defines a total loss as being damage equivalent to 75% of the market value as shown in the current NADA handbook. The certificate of title in reference to the vehicle in question has the words “Reconstructed Vehicle” printed on the front portion. Thus, we can safely assume that the vehicle had been adjudged a total loss prior to being repaired by plaintiff herein.
C.C. art. 2439 states as follows:
“Art. 2439. The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself.
Three circumstances concur to the perfection of the contract, to wit: the thing sold, the price and the consent.”
C.C. art. 1948 provides that consent is vitiated by error, fraud, or duress. Defendant contends that there was no meeting of the minds as to the thing sold because he was unaware that the vehicle in question was a “Reconstructed” vehicle. We disagree. C.C. art. 1949 provides as follows:
“Art. 1949. Error vitiates consent
Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party.”
In the instant case, the cause of the contract, from the defendant’s standpoint, was his desire to purchase a car for his daughter that was mechanically and structurally sound, and reasonably safe to drive. This much is quite evident from the testimony of both Mr. and Mrs. Stine, who also stated that they did not want the vehicle because they were concerned that it would not be safe for their daughter to drive. However, defendant failed to introduce any evidence to the contrary. On the other hand, plaintiff introduced substantial evidence which established that the car was fully repaired and in good running condition at the time it was sold to defendant. Thus, defendant has failed to demonstrate any error of fact as to the principal cause for entering into the sales agreement in question. Based upon the record, there is no evidence that *839 this principal cause was not fulfilled in that there is no indication of record that the vehicle in question was mechanically or structurally unsound, or otherwise unsafe.
Defendant maintains that because he would not have purchased the vehicle had he known it was a “Reconstructed” vehicle, this was a principal cause for his entering into the sales agreement. Even assuming this to be the case, the record is devoid of any evidence tending to show that the plaintiff knew or should have known that this was a principal cause for defendant’s entering into the sales agreement. Thus, defendant is not entitled to rescind the contract of sale on this basis. C.C. art. 1949; Nugent v. Stanley, 336 So.2d 1058 (La.App. 3 Cir.1976).
Cochran Ford, Inc. v. Copeland, 499 So.2d 509 (La.App. 2 Cir.1986), should be distinguished at this point. In Cochran, plaintiff, Cochran Ford, Inc., purchased a vehicle from Copeland and, after the sale was consummated, plaintiff learned that the vehicle was a “Reconstructed” vehicle and that these words were typed across the face of the certificate of title. The court allowed plaintiff to rescind the sale, based on error or fact, finding that the plaintiffs ability to resell the car at a profit was the principal cause of the contract. At trial, plaintiff introduced expert testimony to the effect that the words “Reconstructed Vehicle” would reduce the resale value by at least $2,000. We can distinguish the decision in Cochran on two grounds: Firstly, our plaintiff did not purchase the vehicle in question for resale, and even if he had, there was no testimony adduced at trial as to any loss in value which may have resulted from the fact that the vehicle is a “Reconstructed” vehicle and/or has the words “Reconstructed Vehicle” typed across the face of the certificate of title. Secondly, defendant, Mr. Stine, purchased the vehicle from a salvage dealer and not from a regular used car dealer as was the situation in Cochran. We therefore do not find that the decision of the court in Cochran is controlling herein.
Defendant also contends that he is entitled to rescind the sale because Harry Guil-lory, owner of Lake Charles Auto Salvage, Inc., led him to believe that the vehicle was a personal vehicle and was therefore not purchased for resale in the business. The trial court found that the defendant had failed to prove this allegation by a preponderance of the evidence and we find no manifest error in the trial court’s finding of fact.
Finally, defendant contends that Guillory also misrepresented the extent of damage sustained by the vehicle as a result of the prior auto accident. However, defendant failed to introduce any evidence tending to show that the vehicle was damaged to an extent beyond that which was stated by Guillory and therefore, this argument is without merit.
For the reasons set forth hereinabove, the judgment of the trial court is affirmed, and all costs of this appeal are assessed to defendant, Gary C. Stine.
AFFIRMED.