596 So.2d 278 (1992)
Glen P. and Michelle MONTE; Harvey, Inc. (3d Party), Plaintiff-Appellee,
v.
HARVEY, INC. d/b/a Harvey Toyota-Volvo, Kenneth W. & Joanna Taylor (3d Party); Allstate Insurance Company, Defendant-Appellant (Harvey).
No. 90-969.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1992.
Writ Denied June 19, 1992.
*279 Gachassin & Hunter, PLC, Nicholas Gachassin, Jr., Lafayette, for plaintiff-appellee.
Glusman, Moore, Arbour, Broyles & Glusman, G. Thomas Arbour, Baton Rouge, for defendant-appellant Harvey.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Ubell, John W. Penny, Jr., Lafayette, for defendant-appellant Taylor.
*280 Roy & Hattan, M. Candice Hattan, Lafayette, for defendant-appellant Allstate.
Before DOMENGEAUX, C.J., and STOKER and YELVERTON, JJ.
STOKER, Judge.
This case involves a suit for rescission of the sale of a reconstructed BMW automobile. Glen and Michelle Monte filed suit seeking the rescission of the sale of a BMW which, unknown to them at the time of the sale, had been wrecked and reconstructed prior to the sale. The Montes purchased the vehicle from Harvey, Inc. d/b/a Harvey Toyota-Volvo. Harvey, Inc. subsequently filed a third-party demand against Kenneth and Joanna Taylor, its predecessors in title, seeking contribution, indemnification, or the return of the purchase price. The Taylors filed a Motion for Sanctions, Expenses, and Attorney's Fees pursuant to LSA-C.C.P.art. 863, contending that Harvey, Inc.'s demand was not well grounded in fact or warranted by existing law.
The trial court rescinded the sale, awarded attorney's fees to the Montes, and gave Harvey, Inc. a credit for the Montes's use of the vehicle. The trial court dismissed Harvey, Inc.'s claim against the Taylors and awarded the Taylors attorney's fees, finding that Harvey, Inc.'s claim against them was frivolous.

Harvey, Inc.`s Appeal
Harvey, Inc. appealed and raises the following issues on appeal:
1. Whether the trial court erred in rescinding the sale of the BMW under LSA-C.C. art. 2529.
2. Whether the trial court erred in failing to base its decision on Lake Charles Auto Salvage, Inc. v. Stine, 539 So.2d 836 (La.App. 3d Cir.1989) and in failing to hold that the Montes were not entitled to rescind the sale.
3. Whether the trial court abused its discretion in awarding only $2000 to Harvey, Inc. as a credit for the Montes's use of the vehicle.
4. Whether the trial court erred in failing to find that the Taylors were manufacturers of the reconstructed BMW and failing to grant Harvey, Inc.'s third-party demand against the Taylors.
5. Whether the trial court erred in finding that Harvey, Inc.'s third-party demand was frivolous and in awarding damages of $700 in attorney's fees to the Taylors.

The Montes's Appeal
The Montes answered the appeal, presenting the following issues for our review:
1. Whether the trial court erred in granting Harvey, Inc. a credit for use of the vehicle.
2. Whether the trial court erred in failing to base the rescission of the sale on LSA-C.C. art. 2545 which allows damages in addition to the rescission of the sale.
3. Whether the trial court erred in failing to grant a new trial when the Montes located a witness whose testimony was important to the Montes's claim for relief under LSA-C.C. art. 2545.
4. Whether the trial court's award of attorney's fees was insufficient, meriting an increase, and whether an additional award for attorney's fees should be granted on this appeal.
5. Whether the trial court erred in failing to award damages for nonpecuniary loss pursuant to LSA-C.C. art. 1998.

The Taylors' Appeal
The Taylors also answered this appeal presenting the following issues for our review:
1. Whether the trial court's award of attorney's fees to them should be increased.
2. Whether an additional amount should be awarded for costs, expenses, and attorney's fees incurred in this appeal.

FACTS
In June of 1987, Mr. Taylor purchased the BMW from Glenn Leger, owner of a scrap and salvage shop, for $8000. Mr. *281 Taylor knew that the vehicle had been reconstructed. Additionally, the Certificate of Title as well as the Certificate of Registration on the vehicle stated that the vehicle had been reconstructed.
In March of 1988 Mr. Taylor attempted to trade the BMW in on a Toyota Corolla at Harvey, Inc. Approximately a week later Harvey, Inc. accepted the BMW as a trade in for a Honda Accord.
Mr. Taylor negotiated the trade-in with Betty Tolleson, a salesperson at Harvey, Inc. Mr. Taylor testified that he informed Ms. Tolleson on more than one occasion that the vehicle had been wrecked and rebuilt. Mr. Taylor also gave Ms. Tolleson a copy of the Certificate of Title and the Certificate of Registration which bore the notation that the vehicle had been reconstructed. Additionally, Mr. Taylor testified that personnel at Harvey, Inc. inspected the BMW on at least two occasions.
In April of 1988, the Montes purchased the BMW from Harvey, Inc. for $8600. Mr. Monte testified that prior to the purchase, he noticed a "fist sized" hole in the right rear trim panel inside of the car. This condition prompted him to ask whether the car had been wrecked, which information was important to him because he wanted to purchase a better car than the one he had. As will be noted below, representatives of Harvey, Inc. led Mr. Monte to believe the vehicle had not been wrecked. Mr. Monte testified that Harvey, Inc. did not present him with any papers showing the vehicle had been wrecked or reconstructed. He testified that he would not have purchased the vehicle if he would have known that it had been wrecked and reconstructed.
Mr. Monte testified that he experienced various problems with the car. Approximately two or three months after he bought the car, Mr. Monte went to Harvey, Inc. and asked to see the title; at that point, he learned that the vehicle had in fact been reconstructed. Mr. Monte attempted to rescind the sale, but Harvey, Inc. refused. This suit followed.

TRIAL COURT'S REASONS FOR JUDGMENT
The trial court's reasons for judgment are as follows:

"REASONS FOR RULING
"The evidence establishes to the Court's satisfaction that the BMW in question was a fit and proper operating automobile when purchased by Plaintiffs. The former owners, Mr. and Mrs. Wayne Taylor, testified that they had no problems with the vehicle during the time which they had it (eight months) which could be considered a redhibitory defect. To the contrary, they had almost no problems at all. When they traded it in, the odometer showed approximately 39,500 miles. They had driven it 22,000 miles.
"Plaintiffs purchased it at approximately 40,000 miles. Minor problems did occur, but none which the Court finds were so significant that Plaintiffs would not have purchased the vehicle had they known of the problems. Plaintiffs have used the vehicle to the present time. The mileage now is 58,000 to 59,000 miles.
"While Plaintiffs did not know that they were purchasing a previously wrecked and reconstructed vehicle, they did know that they were purchasing a used car. They could not reasonably expect the trouble-free operation of a new car. Except for defects which they knew or should have seen existed at the time of sale (immobile antenna, exterior paint imperfections, etc.) or were minor, correctable inconveniences (radio not connected to ignition, inoperable cigarette lighter, etc.), or were covered by an extended warranty, less deductible, which they purchased (alternator repair), the only serious complaint they have is a leaking trunk lid. The Taylors, whose testimony on all points the Court accepts as truthful and accurate, testified that no such leak existed. The Plaintiffs failed to sustain their burden of proof on the existence of redhibitory defects.
"However, they do sustain their burden on the question of the purchase and sale of a wrecked vehicle. Their uncontradicted testimony that they inquired as to whether *282 or not the vehicle had been previously wrecked is accepted by the Court as true. They were answered with a qualified no (not to the knowledge of the Defendant's salesman).
"Addressing the question of Defendant's knowledge, the Court finds first, that Defendant knew that a reconstructed vehicle is not desirable in the open market, and second, that it knew, or should have known, that the vehicle in question was a wrecked, reconstructed vehicle.
"Defendant's salesman, Ronnie White, stated that even if not asked, he would have told Plaintiffs that the vehicle had been wrecked. Further, he testified that he would attempt to sell another vehicle if a customer wanted to purchase a previously wrecked vehicle. John Harvey, owner and CEO of Defendant, testified that they wholesale all reconstructed vehicles rather than sell them to the public as used cars. He would not have sold the vehicle in question had he known it was a reconstructed vehicle.
"Among all of these parties, Defendant is the most knowledgeable in this field. The Certificate of Title and all previous paper work showed it to be reconstructed. This is knowledge chargeable to Defendant.
"Plaintiffs intended to purchase an unwrecked, used vehicle. Defendant intended to sell the same thing. They both were in error. Under Articles 1948, et seq. of the Louisiana Civil Code, Plaintiffs are entitled to a rescission of the sale.
"This Court does not feel that these types of cases should come under Article 2529 of the Civil Code, dealing with redhibition, because here the seller does not declare that the vehicle has some quality which it does not have. However, numerous appellate courts have clearly asserted otherwise (see for example Boteler v. Taquino, 517 So.2d 377). Therefore, following the decisions of the appellate courts, this Court must avoid the sale due to redhibition under Article 2529 of the Civil Code.
"The Court grants to plaintiffs attorney's fees in the amount of ONE THOUSAND, FIVE HUNDRED AND NO/100 ($1,500.00) DOLLARS. Further, HARVEY, INC. is granted a credit of TWO THOUSAND AND NO/100 ($2,000.00) DOLLARS for plaintiffs' use of the vehicle.
"The Court does not find that Third Party Defendants, Mr. and Mrs. Taylor, have any liability in this suit, and in fact, should not have been made parties herein. The claim against them was frivolous. They are awarded damages under Article 863 of the Code of Civil Procedure in the amount of SEVEN HUNDRED AND NO/100 ($700.00) DOLLARS as reasonable attorney's fees.
"All costs are assessed against HARVEY, INC."

ISSUES CONCERNING RESCISSION
Both the Montes and Harvey, Inc. complain that the trial court's judgment was in error in several respects. We now consider whether rescission was proper and if so, upon what basis.
We do not share the trial court's reservation concerning the application of LSA-C.C. art. 2529 to the facts of this case. That article clearly supports rescission here, and in conjunction with other civil code articles justifies the additional relief of the award of attorney fees and damages.
LSA-C.C. art. 2529 provides:
"A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase."
Thus, under this article, even a good faith declaration, although false, is ground for rescission. As explained in Boteler v. Taquino, 517 So.2d 377 (La.App. 5th Cir. 1987), referred to by the trial court, redhibition under Article 2529 is not based on the existence of a defect in the thing sold but rather is an extension of the principle that consent to a contract may be vitiated by error, fraud or duress at its inception. LSA-C.C. arts. 1948, 1949 and 1950. (The result reached in Boteler would seem to be in conflict with the principles stated. However, the opinion appears to be grounded *283 on the failure of the purchaser to prove his principal motive, that is, to buy a used car which had not been wrecked.)
We affirm the judgment of the trial court in rescinding the sale and awarding attorney's fees to the Montes but base our affirmance on broader principles so as to rest our decision on other authority to include LSA-C.C. art. 2547.
The Montes assert that the rescission should be based on LSA-C.C. art. 2545 which provides:
"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
LSA-C.C. art. 2545 applies to a seller who knows of a vice and omits to declare it. The mere fact that a car has been wrecked and reconstructed does not constitute a vice. Boteler v. Taquino. Furthermore, the Montes testified, and the trial court held, that Mr. White did not omit to declare, rather he declared as a matter of fact that the car had not been wrecked to his knowledge. Therefore, we do not find that LSA-C.C. art. 2545 is applicable.
Instead, the "bad faith" analogue to LSA-C.C. art. 2529 is LSA-C.C. art. 2547. Wheat v. Boutte Auto Sales, 355 So.2d 611 (La.App. 4th Cir.), writ denied, 357 So.2d 1166 (La.1978).
LSA-C.C. art. 2547 provides:
"A declaration made by the seller, that the thing sold possesses some quality which he knows it does not possess, comes within the definition of fraud, and ought to be judged according to the rules laid down on the subject, under the title: Of Conventional Obligations.

"It may, according to the circumstances, give rise to the redhibition, or to a reduction of price, and to damages, including reasonable attorneys' fees, in favor of the buyer."
Regarding the awareness of Harvey, Inc. of the quality of the vehicle, the trial court accepted the testimony of Mr. Taylor as true on all points. Mr. Taylor testified that he informed Ms. Tolleson on more than one occasion that the vehicle had been wrecked and reconstructed. Additionally, Mr. Taylor presented the Certificate of Title to Ms. Tolleson and the used car manager, Raphael Carrier, during the negotiations.
The title stated that the vehicle had been reconstructed. John Harvey, president of Harvey, Inc., signed the back of the title, and Harvey, Inc. retained possession of the title even after the sale to the Montes.
We find that Harvey, Inc. knew that the BMW had been wrecked and reconstructed. It is undisputed that Harvey, Inc., through its salesman, declared that the BMW had not been wrecked. Accordingly, LSA-C.C. art. 2547 is applicable to the case at hand. Therefore, we judge the declaration according to the rules set forth on fraud, LSA-C.C. art. 1953 et seq.
LSA-C.C. art. 1953 provides:
"Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction."
LSA-C.C. art. 1955 provides:
"Error induced by fraud need not concern the cause of the obligation to vitiate consent, but it must concern a circumstance that has substantially influenced that consent."
There is no dispute that Harvey, Inc. misrepresented the condition of the vehicle. Due to this misrepresentation, the Montes purchased a vehicle that they would not have otherwise purchased. Accordingly, the Montes are entitled to seek the relief granted by LSA-C.C. art. 2547.
Although our analysis given above disposes of the matter, we will address the argument of Harvey, Inc. that our decision in Lake Charles Auto Salvage, Inc. v. Stine, requires that we deny the Montes's demand for rescission of the sale. Specifically, Harvey, Inc. maintains that our decision in that case stands for the proposition that a sale will not be rescinded simply because a purchaser did not know at the *284 time of the sale that the vehicle was a reconstructed vehicle.
In Lake Charles Auto Salvage, Inc. v. Stine this court found that there was no vice of consent in the sale of the reconstructed vehicle. We based our decision on LSA-C.C. art. 1949 which provides:
"Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party."
In refusing to allow a rescission, we explained that the record revealed that the purchasers' cause for entering into the contract was the desire to purchase a car for their daughter that was mechanically sound and structurally safe. We further explained that even if the cause for entering into the contract had been to purchase a car that had not been reconstructed, there was no evidence showing that the seller knew or should have known that this was a cause. Indeed, the purchasers inquired as to whether the vehicle had been wrecked. They were advised that it had been wrecked, but elected, nevertheless, to purchase the vehicle with the knowledge that it had been wrecked. However, the purchasers did not ask if the vehicle had been reconstructed, and the seller did not declare that it had been reconstructed.
We distinguish Lake Charles Auto Salvage, Inc. v. Stine from the case presently before us. In the case before us, the Montes inquired of personnel at Harvey, Inc. whether the BMW had ever been wrecked. Harvey, Inc.'s salesman declared that to his knowledge the vehicle had not been wrecked. It is undisputed that the BMW was a wrecked, reconstructed vehicle. By inquiring as to whether the vehicle had ever been wrecked, the Montes revealed that the absence of such a quality was a motive or cause for making the purchase. Furthermore, Mr. Monte testified that he would not have purchased the BMW if he had known that the vehicle had been wrecked. Mr. Monte testified that he inquired as to whether the car had been wrecked because he wanted to buy a better car than the one he had; he stated that he wanted to be assured of dependable transportation.

New Trial
The Montes sought a new trial to introduce testimony by a former used car manager from Harvey, Inc. to show that Harvey, Inc. had knowledge of the BMW's presale condition. Since we have concluded that the record revealed that Harvey, Inc. did in fact know that the BMW had been wrecked prior to the sale to the Montes, this issue is moot.

Credit For Use
The trial court granted Harvey, Inc. a credit of $2000 for the Montes's use of the vehicle. The Montes contend that Harvey, Inc. is not entitled to a credit for use. Harvey, Inc. contends that the trial court abused its discretion in awarding only $2000 as a credit for the use of the vehicle.
A credit for a purchaser's use of a product may be proper in certain instances, even in favor of a bad faith seller. Alexander v. Burroughs Corporation, 359 So.2d 607 (La.1978). The grant of a credit for use is discretionary with the trial court. Guillory v. Jim Tatman's Mobile Homes, Inc., 490 So.2d 1185 (La.App.3d Cir. 1986).
The record reveals that the Montes put between 18,000 and 19,000 miles on the vehicle. The condition of having been reconstructed did not render the vehicle inconvenient or useless.
We affirm the award of a credit for use finding no abuse of discretion. For a similar award see Hanley v. Regency Olds GMC, Inc., 509 So.2d 1027 (La.App.3d Cir. 1987) in which this court awarded a credit of ten cents per mile for the use of a vehicle.

Attorney's Fees
The trial court awarded $1,500 to the Montes in attorney's fees. The Montes seek an increase in this award and an additional amount for work done in connection with this appeal.
During the course of the trial, the Montes's attorney, Nicholas Gachassin, introduced *285 into evidence a statement of the expenses that he had incurred in handling the litigation. This statement indicates that Mr. Gachassin spent 75.75 hours handling the case.
We find that $1,500 is an insufficient award. The record reveals that Mr. Gachassin filed the lawsuit on behalf of the Montes and propounded Interrogatories and a Request for Production of Documents to Harvey, Inc. Mr. Gachassin also filed a Supplemental and Amending Petition. Depositions were taken as well. Additionally, a Pre-trial Memorandum, Supplemental Memorandum, and exhibits were prepared on behalf of the Montes. A Motion for Preliminary Default was also filed. Finally, Mr. Gachassin filed a Motion for New Trial and submitted a Memorandum in Support. We find the award of $1,500 to be too low. We raise it to $3,000.
For services on appeal the Montes are entitled to an additional sum in attorney's fees of $500. Their attorney filed a brief, but the case was not orally argued.

Damages for Non-pecuniary Loss
The Montes contend that the trial court should have awarded damages to them for nonpecuniary loss for breach of contract pursuant to LSA-C.C. art. 1998 which provides:
"Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss.
"Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee."
The Montes contend that the failure of the car to operate properly, the problems with the paint bubbling, and various interior flaws are sufficient to warrant recovery.
These conditions were not found to be redhibitory defects by the trial court. We find no error in the trial court's findings on that point. Therefore, any nonpecuniary damages flowing from these conditions are not compensable under LSA-C.C. art. 1998.

HARVEY, INC.'S THIRD-PARTY DEMAND AGAINST THE TAYLORS
Harvey, Inc. filed suit against the Taylors seeking contribution, indemnification, or rescission of the sale of the vehicle. Harvey, Inc. based this demand on the assertion that the Taylors knew that the vehicle had been reconstructed yet failed to disclose this fact to Harvey, Inc.; therefore, the Taylors should bear the ultimate loss in the dispute over the vehicle.
The trial court held that Harvey, Inc.'s claim against the Taylors was frivolous and imposed a sanction in the form of attorney's fees pursuant to LSA-C.C.P. art. 863.
Harvey, Inc. appeals the trial court's denial of its claim against the Taylors. Harvey, Inc. also appeals the trial court's award of $700 in attorney's fees as a sanction for violation of LSA-C.C.P. art. 863. The Taylors seek an increase in the original award as well as an additional award for this appeal.
Harvey, Inc. attempts to support its claim against the Taylors through two assertions. The first assertion is that the Taylors are liable to Harvey, Inc. because the Taylors "manufactured" the vehicle. Basically, Harvey, Inc. suggests that the Taylors manufactured the vehicle since they purchased it in three pieces and then paid Mr. Leger to reconstruct the vehicle.
We find that this assertion is frivolous. Even if the evidence supported a finding that the Taylors purchased the vehicle in pieces, their mere knowledge of this condition with directions to finish constructing the vehicle does not make the Taylors "manufacturers".
The second assertion by Harvey, Inc. in support of its claim against the Taylors is that the sale of the vehicle should be rescinded based on Cochran Ford, Inc. v. Copeland, 499 So.2d 509 (La.App.2d Cir. 1986).
*286 In Cochran, a used car dealer brought an action against another used car dealer seeking rescission of the purchase of a vehicle that had been reconstructed. The purchaser bought the vehicle intending to resell it. However, the purchaser was unaware at the time of the sale that the vehicle had been reconstructed, which fact decreased the vehicle's market value and thwarted the purchaser's ability to resell the car at a profit.
The court rescinded the sale based on error of fact in the principal cause of the sale, finding that the purchaser was indeed unaware of the condition of the vehicle. (The purchaser did not receive the title of the vehicle until after the sale).
In the case before us, the evidence fully supports the conclusion that Harvey, Inc. knew the vehicle had been reconstructed. Therefore Cochran is distinguishable from the case at hand. Accordingly, we affirm the trial court's denial of Harvey, Inc.'s claim against the Taylors.
Finally, while we find that Harvey, Inc.'s assertion that the Taylors were manufacturers is frivolous, its argument based on Cochran is not frivolous. Rather, Harvey, Inc.'s argument based on Cochran is simply meritless and so precludes a finding that the third-party demand was interposed for an improper purpose. Therefore, we reverse that portion of the judgment imposing sanctions on Harvey, Inc. for filing a frivolous claim.

DISPOSITION
For the reasons stated above, we affirm the judgment of the trial court in favor of plaintiffs Glenn P. Monte and Michelle Monte against Harvey, Inc. d/b/a Harvey Toyota-Volvo but amend the judgment to increase the award of attorney's fees for services in the trial court to the sum of $3000 and to award the sum of $500 in attorney's fees for services on appeal.
The judgment of the trial court in favor of Kenneth and Joanna Taylor on their third-party demand against Harvey, Inc. d/b/a Harvey Toyota-Volvo is reversed.
In all other respects, the judgment of the trial court is affirmed.
The costs of the proceedings in this court of appeal are assessed in the proportions of 80% to Harvey, Inc. and 10% each to the Montes and the Taylors.
MAIN DEMAND AMENDED AND AFFIRMED AS AMENDED: THIRD-PARTY DEMANDS OF TAYLORS REVERSED.