JULIAN E. BAILES, Judge Pro Tem.
This matter is before us at this time on a motion to dismiss the answer to the appeal on the ground that the answer was filed in the record in the trial court before the record was lodged in this court. The mover urges that such a filing is void under Article 2088 of the Code of Civil Procedure in that the lower court lacked jurisdiction to receive the answer to the appeal. The mover further argues that although LSA-C.C.P. Article 2133 does not designate the court in which the answer to the appeal must be filed,. by elimination it is clear that the answer must be filed in the court of appeal.
The mover, Diesel Engine Repairs, Inc., was granted an order of devolutive appeal from the adverse judgment of the trial court on May 24, 1972, with a return date to this court of July 21, 1972. On July 21, 1972 the return day was extended to August 21, 1972. Thereafter thirteen additional and successive return date extensions were granted by the trial court with the last expiring on September 24, 1973.
The record was finally lodged or filed in this court on September 20, 1973. The answer to the appeal was filed by Point Landing, Inc., in the record in the trial court on October 24, 1972, at a time when the record was still in the district court.
Article 2133 of the Code of Civil Procedure provides, inter alia, that “an appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than 15 days after the return day or the lodging of the record whichever is later * *
There is no law or jurisprudence which interdicts or prohibits the filing of the answer to the appeal in the district court while the record in the case appealed is still in the district court. Such a filing requires no action of the district court, only the filing of the answer in the record by the district court clerk, thereby Article 2088, referred to supra, has no application herein.
The time requirements of C.C.P. Article 2133 are not violated because the delay for filing the answer is not later than 15 days after the return day or the lodging of the record whichever is later.
From the standpoint of practice, we find no reason for requiring counsel for the ap-pellee to constantly watch for notice of the filing of the record in the court of appeal to make certain the answer is filed not later than 15 days thereafter.
Further, appeals are favored in law.
Also see Michel v. Maryland Casualty Co., La.App., 81 So.2d 36.
Accordingly, we find the filing of the answer of Point Landing, Inc., to the appeal of Diesel Engine Parts, Inc., in the district court while the record was still in that court was a timely filing.
Motion denied.