ON MOTION TO DISMISS
ELLIS, Judge:
This is a suit by Daniel D. Brouillette, David F. Sehnebelen and Fast Foods of Baton Rouge # 2 against Consolidated Construction Company of Florida, Inc., doing business as Consolidated Construction and Engineering, Inc. and Auto-Owners Insurance Company, for damages arising out of alleged breaches of two building contracts. Consolidated answered and reconvened against plaintiffs for a balance allegedly due under another building contract. Auto answered and third partied Consolidated seeking full indemnity for any amounts it might be compelled to pay. After the trial on the merits, Consolidated and Auto filed peremptory exceptions of no right of action against plaintiffs.
Judgment was rendered in favor of Brouillette and Sehnebelen against both defendants on the main demand; in favor of Consolidated and against Brouillette and Sehnebelen on the reconventional demand; and in favor of Auto and against Consolidated on the third party demand. In the written reasons for judgment, the trial judge stated that he sustained the exceptions of no right of action as to Fast Foods.
Judgment was signed accordingly on June 8, 1981, except that no mention of the sustaining of the exceptions as to Fast Foods is contained therein. Consolidated and Auto timely perfected a suspensive appeal from the said judgment. On October 29, 1981, Brouillette, Sehnebelen and Fast Foods filed in the district court a pleading styled “Answer to Appeal and Motion for Setting of Suspensive Appeal Bond”, stating that, under Article 2133 of the Code of Civil Procedure, they wished to have reviewed that part of the judgment rendered in favor of Consolidated on the reconven-tional demand, and asking that the amount awarded on the main demand be increased. They then asked the court to set a suspen-sive appeal bond “for the purposes of making its appeal suspensive”. The trial judge signed an order that the answer be deemed good and sufficient, and “as such shall constitute a suspensive appeal insofar as the adverse effects of the judgment rendered June 8, 1981 are concerned; ... .”
Defendants have filed a motion to dismiss the “suspensive appeal” of Brouillette and Sehnebelen and both the answer and “sus-pensive appeal” of Fast Foods.
Defendants’ first contention is that the answer should have been filed in this court rather than the district court, and should be dismissed for that reason alone. The only stricture on the filing of an answer is that it be filed “not later than fifteen days after the return day or the lodging of the record whichever is later.” Article 2133 of the Code of Civil Procedure. There is no requirement that it be filed in the appellate court. Since no action is required by the court relative to an answer, the question of the authority of the trial court, under Article 2088 of the Code of Civil Procedure, need not be considered.
Plaintiffs concede that Fast Foods is no longer involved in the case, so that we need not consider that aspect of the case, and the answer of Fast Foods will be dismissed.
As to the suspensive nature of the “appeal” resulting from plaintiffs’ answer, we are of the opinion that, in order for a party to be granted a suspensive appeal, the procedures set forth in Articles 2121 and 2123 of the Code of Civil Procedure must be followed. Plaintiffs’ answer to the appeal, which was timely as an answer, was filed long after the delay for a suspensive appeal *600 provided in Article 2123 had elapsed, so that it cannot be considered as a suspensive appeal. It does have the effect of an answer as provided in Article 2133 of the Code of Civil Procedure.
The answer to the appeal filed by Fast Foods is therefore dismissed; the suspen-sive appeal granted to plaintiffs by the trial court is dismissed; and the answer to the appeal filed by Brouillette and Schnebelen is maintained as such. Plaintiffs shall bear all costs of this motion, with assessment of all other costs to await final disposition of this suit on its merits.