JiKLIEBERT, Chief Judge.
In this redhibitory action, plaintiff, Julie Palmer, appeals a judgment rescinding the sale of a used automobile.

FACTS

On July 28, 1987, plaintiff purchased a used 1985 Peugeot Model 505 automobile from the defendant, Benson Toyota Company, Inc. (seller) for the sum of $9,676.00. In payment she conveyed to defendant a trade-in vehicle valued at $1,800.00 and a third party lender financed the balance at 15% interest, to be paid in 35 payments of $233.51 each and one final payment of all remaining principal and accrued interest. At the time of the purchase, the automobile’s odometer reading was 14,839 miles and there were two visible scratches or paint defects on the car— one near the junction of the trunk and top portion of the vehicle and the other on the rear right hand door of the vehicle. The defendant agreed to “touch up” the two paint scratches. In addition, a key to lock the trunk of the car was not available.
The vehicle was purchased “as is" and without any ivarranty. Within one week after the purchase, the seller bonded and repainted the two paint-defect areas. The plaintiff used the vehicle for business while residing in Louisiana and did not have any problems with the car until after she moved to the State of Virginia in ^February, 1988. While in Virginia, the paint cracks began to re-appear and plaintiff attempted to trade in the vehicle. An inspection of the vehicle revealed that the car had been wrecked and the frame of the chassis was bent. Not *549 being able to trade the car in and being concerned about the safety of driving the car, the plaintiff contacted her father, who lived in Louisiana.
Plaintiffs father went to Virginia in the spring of 1988 and drove the car back to Louisiana. From that point, plaintiff used public transportation until she purchased another vehicle six months later.
Plaintiffs father, an attorney, continued to drive the car. He obtained an estimate from Benson Nissan, Inc. for repairs to the car at a cost of $957.19. At that point, the mileage on the vehicle was recorded as 37,271 miles. The defendant refused to repair the car. On July 27, 1988, plaintiffs father obtained another estimate for repairs from Benson Jeep Eagle at a cost of $1,156.99 and tendered the car to the defendant for repairs. When the defendant refused to repair the vehicle, plaintiff filed suit on July 28, 1988.
On September 13, 1989, plaintiffs father obtained another estimate for the repairs from George Molinary’s, a body shop, at a cost of $2,992.46. On September 27,1989, he sent a letter to defendant’s counsel regarding the repair estimate. Defendant’s counsel instructed plaintiffs father to bring the car to Benson Jeep Eagle’s body shop to be photographed and inspected. The car was photographed on March 29, 1990, at which time the odometer reading was 101,203 miles. Plaintiffs father left the car at the body shop. At some point thereafter, the car disappeared and could not be located. Plaintiff later filed an insurance theft claim for the loss of the car.
After considering the testimony and documentary evidence presented at trial, the district court rescinded the sale and awarded plaintiff the purchase price of the vehicle plus sales and finance charges in the amount of $12,244.06 together with $150.00 for storage insurance and $1,131.17 for repair charges for a total |gof $13,525.23, less a credit of $12,954.60 ($.15 per mile for 86,364 miles) for use of the automobile. The judgment further awarded plaintiff damages in the amount of $1,200.00 for the salvage value of the vehicle at the time of its loss.
Plaintiff appeals the judgment and the defendant has answered the appeal. Plaintiff claims that the trial court erred in (1) finding the defendant to be a good faith seller, (2) denying her claim for non-pecuniary damages and attorney’s fees, (3) failing to award legal interest from date of judicial demand, and (4) granting credit to defendant for use of the vehicle. Plaintiff further asserts that the defendant should be assessed damages for defendant’s alleged frivolous assertion of claims for relief on appeal.
In its answer to the appeal, defendant asserts that the trial court erred in (1) finding that plaintiff did not purchase the automobile without a warranty, (2) finding that the plaintiff met her burden of proving that a redhibitory vice existed that rendered the car useless for its intended purpose, (3) finding that plaintiff proved that the defect in the automobile existed at the time of the sale, (4) finding that plaintiff tendered the vehicle to defendant for repairs, (5) awarding plaintiff damages for storage, salvage, and repair costs, and (6) failing to award defendant legal interest on the credit for plaintiffs use of the automobile.

MOTION TO STRIKE

Plaintiff has filed in this Court a motion to strike the defendant’s answer to plaintiffs appeal. Plaintiff argues that the defendant filed its answer to the plaintiffs appeal with the trial court after the trial court granted plaintiffs appeal and, therefore, the trial court lacked jurisdiction regarding the defendant’s answer to the appeal. Louisiana Code of Civil Procedure Article 2088 provides in pertinent part:
“The jurisdiction of the trial court over all matters in the ease reviewable under the appeal is divested, and that of the appellate court attaches, ... on the granting of an order of appeal, in the ease of a devolutive appeal. Thereafter, the trial court has | Jurisdiction in the ease only over those matters not reviewable under the appeal, including the right to:
[[Image here]]
*550 (6) Grant an appeal to another party,
Louisiana Code of Civil Procedure Article 2133(A) provides:
“A. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee’s action.”
The record shows that plaintiff obtained an order for a devolutive appeal on September 27,1993 and defendant filed its answer in the trial court, with leave, on September 29, 1993.
LSA-C.C.P. Article 2133 mandates that an answer to an appeal must be filed not later than fifteen days after the return date or the lodging of the record. There is no- requirement under Article 2133 that the answer to the appeal be filed in the appellate court. Brouillette v. Consolidated Const. Co., 411 So.2d 598 (La.App. 1st Cir.1982). The answer to the appeal is equivalent to an appeal and the trial court retains jurisdiction under LSA-C.C.P. Article 2088 to grant an appeal to another party after one party obtains an order of appeal. Accordingly, the plaintiffs motion to strike the defendant’s answer to the appeal is denied.
Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice or defect. LSA-C.C. Article 2520.
A declaration made in good faith by the seller, that the thing |5sold has some quality which it is found not to have, gives rise to redhibition, if this quality was the principal motive for making the purchase. LSA-C.C. Article 2529.
As stated by this Court in Boteler v. Taquino, 517 So.2d 377 (La.App. 5th Cir.1987):
“Redhibition under LSA-C.C. Article 2529 is not based on the existence of a defect in the thing sold but rather is an extension of the principal that consent to a contract may be vitiated by error, fraud or duress at its inception. See LSA-C.C. Article 1948, et seq. Error vitiates consent when it concerns a cause without which the obligation would not have occurred and that cause was known or should have been known to the other party. LSA-C.C. Article 1949. Error may concern a cause when it bears on the thing that is the contractual object or a substantial quality of that thing. LSA-C.C. Article 1950. Moreover, in Reiners v. Stran-Steel Corporation, 317 So.2d 657 (La.App. 3rd Cir.1975) writ denied 320 So.2d 914 (La.1975), the court announced that a declaration by the seller that the object sold has some quality, which it is found not to have, gives rise to an action in redhibitiion under LSA-C.C. Article 2529, if this quality was the principal motive for making the purchase, even though such quality does not constitute a vice or defect.” (Footnote omitted)
In Wheat v. Boutte Auto Sales, 355 So.2d 611 (La.App. 4th Cir.1978) writ denied, 357 So.2d 1166 (La.1978), the court stated that even if a used car salesman’s inaccurate representation that a vehicle had not been wrecked was made in good faith, redhibition may be available under Civil Code Article 2529 if the evidence established that the acquisition of a non-wrecked automobile was the buyer’s principle motive and it had been communicated to the seller.
In this case, plaintiff testified that she was concerned about the scratch on the back left fender of the automobile and she asked the *551 defendant’s salesman if the car had been wrecked. According to her testimony, which is uncontradieted, the salesman for the defendant informed her that the car had not been wrecked. Plaintiff further testified that she would not have purchased the vehicle if she had known it had been wrecked.
From our review of the record, we find that the defendant’s salesman represented to plaintiff that the 1985 Peugeot had not been wrecked and that this representation was a principal motive in leplaintiff purchasing the vehicle. Accordingly, the record convinces us that the trial court’s conclusion in rescinding the sale was correct. However, there is no evidence that the defendant knew that the vehicle had been wrecked. For this reason, we cannot say the trial court’s finding that the seller was a good faith seller is clearly wrong.
A good faith seller, namely, one who did not know of vices of the thing sold, is required to repair, remedy, or correct vices or defects in the property sold and, if unable to do so, the seller must restore the purchase price and reimburse the reasonable expenses occasioned by the sale and those expenses incurred for preservation of the property. LSA-C.C. Articles 2520, 2531.
Regardless of the seller’s good or bad faith, a plaintiff in a redhibition action is required to prove by a preponderance of the evidence the amount which he is entitled to recover. Creger v. Robertson, 542 So.2d 1090 (La.App. 2nd Cir.1989). Although the record evidence is somewhat slim in this regard, we find that Mr. Palmer’s testimony adequately establishes the basis for the trial court’s award of the amounts for storage insurance ($150.00), and the repairs ($1,131.17). However, since plaintiff is awarded the purchase price of the vehicle, awarding salvage value would be akin to “double indemnity”.
Since we concur in the trial court’s finding that the defendant was a good-faith seller, awards for non-pecuniary damages, punitive damages, and/or attorney’s fees are not appropriate under the facts of this case.
A credit for a purchaser’s use of a product may be proper in certain instances, even in favor of a bad-faith seller. Alexander v. Burroughs Corporation, 359 So.2d 607 (La.1978). The grant of a credit for use is discretionary with the trial court. Guillory v. Jim Tatman’s Mobile Homes, Inc., 490 So.2d 1185 (La.App. 3rd Cir.1986). We find no abuse of the trial court’s discretion in awarding the defendant credit for the plaintiffs use of the vehicle at the rate of $0.15 per mile for the 86,364 miles.
|7UnIike judgments in ex delicto actions, wherein legal interest automatically attaches from date of judicial demand under LSA-R.S. 13:4203, whether or not prayed for or mentioned in the judgment itself, interest is recoverable on debts arising ex contractu from the time they become due, unless otherwise stipulated. LSA-R.S. 13:4203; LSA-C.C. Article 1938; Teledyne Movible Offshore, Inc. v. C & K Offshore Co., 376 So.2d 357 (3rd Cir.1979).
In this case, although the plaintiff prayed for legal interest from date of judicial demand, the judgment rendered by the trial court is silent on the issue of legal interest. The present suit is an action in redhibition in which the plaintiff seeks to rescind a sale because of redhibitory defects or on the basis of the seller’s declaration of a certain quality in the thing sold. Plaintiff seeks dissolution of the sales contract entered into by the parties.
Damages for breach of a contract are due from the time the obligor is put in default by the filing of a suit. LSA-C.C. Articles 1989, 1991, 2013, 2018 (1994). Accordingly, legal interest on the plaintiffs award runs from the date of judicial demand.
For the reasons assigned, the trial court’s judgment in favor of the plaintiff in the amount of $13,525.23 is affirmed. The mileage credit ($0.15 per mile for the 86,364 miles) in favor of defendant is also affirmed. The award to plaintiff for the salvage value of the vehicle is reversed. The judgment of the trial court is amended to include an award of legal interest in favor of plaintiff from the date of judicial demand. No interest will be awarded to defendant on the mileage credit. Associates Financial Services Company, Inc. v. Ryan, 382 So.2d 215 *552 (La.App. 3rd Cir.1980). All costs of this appeal are taxed to defendant.
REVERSED IN PART, AMENDED IN PART, AND AS AMENDED AFFIRMED.