DRAKE, J.
I «This is an appeal of a judgment granting an exception raising the objection of prescription, and in the alternative, granting a motion for judgment on the pleadings, thereby dismissing the third party demand of Ashley Poole Fuselier. For the following reasons, we dismiss this appeal.
FACTS AND PROCEDURAL HISTORY
This matter arises out of a succession proceeding following the death of Genita Schoriing Poole on January 29, 2012 (Succession). Ashley Poole Fuselier, the daugh *21 ter of Genita and Weldon Wallace Poole, Jr. (who predeceased Genita), filed a petition to probate the testament of Genita. In a separate action, Enid Poole Gorringe and Erin M. Poole, the daughters of Weldon Poole from his first marriage to Stephanie Arculeer, filed a petition for damages against Ms. Fuselier, claiming that she mismanaged certain rental income as the testamentary executrix of the Succession. Enid Poole Gorringe and Erin M. Poole also filed a second separate petition against Ms. Fuselier, claiming that she mismanaged certain trust proceeds as the testamentary executrix of the Succession. All three matters were consolidated.
Prior to Genita’s death, she created a life insurance trust naming as beneficiaries the two children she had with Weldon Wallace Poole, Jr.: Ms. Fuselier and Weldon Wallace Poole, III (Wally), who predeceased Genita. Genita’s two step-daughters, Enid and Erin, were not named in the trust. Genita appointed Catherine C. Oalmann, a bookkeeper for the family business, the Poole Lumber Company, to serve as trustee. After Genita died, Ms. Oalmann gave all of the two million dollars in trust proceeds to Ashley. Enid Poole Gorringe and Erin M. Poole disputed the distribution of the trust proceeds and filed suit against Ms. Fuselier, claiming that because Wally had no descendants at the time of his death, |4the two million dollars in the trust was to be divided equally among Ashley, Enid, and Erin, Wally’s surviving siblings, rather than being paid fully to Ms. Fuselier.
Ms. Fuselier responded to the suit filed against her by Enid and Erin by asserting reconventional demands against both of them, and by filing a third party demand against Ms. Oalmann, the trustee of The Genita Schorling Poole Life Insurance Trust Number One (Trust Number One), alleging that if Ms. Oalmann wrongfully distributed the funds of Trust Number One, then Ms. Oalmann was negligent and grossly negligent. As a result, Ms. Oal-mann filed a motion for judgment on the pleadings and an exception raising the objection of prescription as to the third party demand of Ms. Fuselier. In the motion for judgment on the pleadings, she contended that Ms. Fuselier failed to allege that she had suffered any monetary damage in a way that would entitle her to recover a judgment in her favor as a matter of law under any of the facts alleged. In the exception raising the objection of prescription, she contended that Ms. Fuselier’s claims against her sounded in tort and, therefore, were subject to a one-year prescriptive period that was triggered no later than May 22, 2012, the date Ms. Oalmann’s check to Ms. Fuselier cleared the trust account (i.e., more than a year before the main demand was filed). Ms. Fuselier filed oppositions to both pleadings.
After two separate hearings on the motion and the exception, the trial court signed a judgment on March 5, 2015, granting the exception raising the objection of prescription and, in the alternative, granting the judgment on the pleadings, thereby dismissing the third party demand of Ms. Fuselier against Ms. Oalmann. The written judgment memorializing the trial court’s oral rulings stated in pertinent part:
IT IS ORDERED, ADJUDGED AND DECREED that the Exception of Prescription be and is hereby maintained and, in the alternative, the Motion for Judgment on the Pleadings is granted and the Third Party Demand of Ashley Poole Fuselier 15be and the same is hereby dismissed with prejudice and at third party plaintiffs cost.
Ms. Fuselier sought supervisory writs with this court following the signing of the March 5, 2015 judgment. This court grant *22 ed the writ and reversed the trial court judgment on the exception raising the objection of prescription and the judgment on the pleadings. This court also remanded the matter to the trial court for an eviden-tiary hearing to be held pursuant to La. C.C.P. arts. 931 and 2164. In the Matter of the Succession of Genita Schorling Poole, 2015-0561 (La. App. 1 Cir. 7/29/15) (unpublished writ action).
A thorough review of the record reveals that the last hearing in the trial court was held on April 21, 2015, on a different matter entirely, and there has been no eviden-tiary hearing held or judgment signed following the July 29, 2015 ruling of this court.
While the aforementioned writ was still pending before this court, Ms. Fuselier requested a devolutive appeal of the same judgment, which the trial court granted the following day. Before the appeal was lodged, Ms. Oalmann filed an answer to the appeal in the trial court, requesting sanctions because the appeal was frivolous.
After this court granted her writ and after the appeal was lodged in this court, Ashley filed her appellate brief and a “Motion to Strike Answer of Catherine Oal-mann for Lack of Jurisdiction and Motion to Dismiss Appeal as Moot.” In both the appellate brief and the motion, Ms. Fuselier urges this court to dismiss her appeal as moot in light of this court’s action on her writ. Ms. Oalmann has not filed an answer in this court. In her appellee brief, she requests that this court’s action on the writ be recalled because she was never served with a copy of the writ application. She does not brief the issue raised in her answer (that was filed in the lfitrial court)—that Ms. Fuselier’s appeal is frivolous. The motion to strike was deferred to this appellate panel.
LAW AND ARGUMENT
Before us is the unusual circumstance in which the appellant, Ms. Fuselier, has filed an appeal from the March 5, 2015 judgment upon which we have already ruled, and has asked this court to dismiss the appeal as moot given our reversal of the trial court judgment in granting the writ. Ms. Fuselier requests this court to recognize and uphold our previous ruling on the writ. Ms. Oalmann claims that her counsel was never served with a copy of the actual writ application and brief filed on behalf of Ms. Fuselier, thereby denying her the opportunity to reply to the writ application.
The issue of subject matter jurisdiction addresses the court’s authority to adjudicate the cause before it; the issue may be considered at any time, even by an appellate court on its own motion, at any stage of an action. Boudreaux v. State, Dept. of Transp. and Development, 2001-1329 (La. 2/26/02), 815 So.2d 7, 13. Moreover, it is the duty of a court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants. Boudreaux, 815 So.2d at 13; City of Baton Rouge v. Bernard, 2001-2468 (La. App. 1 Cir. 1/22/03), 840 So.2d 4, 6, writ denied, 2003-1005 (La. 6/27/03), 847 So.2d 1278. Thus, subject matter jurisdiction is a threshold issue. Citizens Against Multi-Chem v. Louisiana Dept. of Environmental Quality, 2013-1416 (La.App. 1 Cir. 5/22/14), 145 So.3d 471, 474, writ denied, 2014-1464 (La. 10/10/14), 151 So.3d 586. Therefore, we must decide if we have subject matter jurisdiction over this appeal.
After this court rendered judgment on the writ application, the parties did not apply for a rehearing with this court, nor did any of the litigants seek review from the supreme court as provided in La. C.C.P. art. 2166. Under the express provisions of La. C.C.P. art. 2166(A):
*23 |7The judgment of a court of appeal becomes final and definitive if neither an application to the court of appeal for rehearing nor an application to the supreme court for a writ of certiorari is timely filed.
A judgment that decides the merits of the case in whole or in part is a final judgment. La. C.C.P. art. 1841; Tolls v. Board of Supervisors of Louisiana State University, 95-1529 (La. 10/16/95), 660 So.2d 1206 (per curiam). A final judgment may be rendered by either a trial court or an appellate court, and a judgment by an appellate court that decides the merits of the case is a final judgment, regardless of whether the case reached the appellate court on appeal or on supervisory writs. Tolis, 660 So.2d at 1206. A final judgment is conclusive between the parties except on direct review. La. R.S. 13:4231. Moreover, a final judgment becomes final and definitive and acquires the authority of the thing adjudged if no further review is sought within the time fixed by law, if the Supreme Court denies an application for cer-tiorari, or if the judgment is confirmed on further review. La. C.C.P. arts. 2166(E) & 2167; Tolis, 660 So.2d at 1206; Batson v. S. Louisiana Med. Ctr., 2006-1998 (La. App. 1 Cir. 6/13/07), 965 So.2d 890, 895-96, writ denied, 2007-1479 (La. 10/5/07), 964 So.2d 945. Once a final judgment becomes final and definitive and acquires the authority of the thing adjudged, no court has jurisdiction, in the sense of power and authority, to modify, revise or reverse the judgment, regardless of the magnitude of the error in the final judgment. Tolis, 660 So.2d at 1206; Batson, 965 So.2d at 896.
Where certiorari is granted on the application of any party, the judgment cannot be changed to the benefit of another party who has failed to apply for review. Wyatt v. Avoyelles Par. Sch. Bd., 2001-3180 (La. 12/4/02), 831 So.2d 906, 916.
In a case similar to the present matter, a court of appeal granted writs and sustained exceptions of prescription. No party sought review of the appellate court judgment or applied for writs to the supreme court. Therefore, the appellate court I «judgment granting the application for supervisory writ and granting the exceptions of prescription was a final judgment that was not subject to modification. Consequently, the appellate court had no jurisdiction over devolutive appeals subsequently permitted by the trial court, and the appeal was dismissed. Bourque v. Kansas City Southern Ry. Co., 99-533 (La.App. 3 Cir. 5/27/99), 738 So.2d 51, 55, writ denied, 750 So.2d 184, 99-2184 (La. 11/5/99).
All matters previously decided by this court in the writ application cannot now be re-litigated. Furthermore, this court notes that although Ms. Oalmann claims that her counsel was never served with a copy of the writ application and that she had no opportunity to respond to the writ application, this court has a notice of writ which was forwarded to all counsel of record, including current counsel for Ms. Oalmann, at the same address used in this appeal. Additionally, this court sent notice of the judgment on the writ to Ms. Oalmann’s counsel at the same address that counsel used in this appeal. At the very least, Ms. Oalmann could have asked for a rehearing after receiving notice of the judgment on the writ application or filed for supervisory review from the supreme court.
We have no subject matter jurisdiction over this appeal and grant the motion to dismiss the appeal.
Answer to Appeal
As noted earlier, Ms. Oalmann filed an answer to the appeal seeking damages for frivolous appeal. Before this court is also Ms. Fuselier’s motion to strike the answer to the appeal based upon the fact that Ms. Oalmann filed the motion in the trial court, *24 rather than with this court. We must first address whether the appellee’s answer is deficient and, whether it should be stricken.
| ^Filing Answer in Trial Court
Ms. Fuselier filed her motion and order for appeal on May 4, 2015, in the trial court. The trial court signed an order granting the appeal on May 5, 2015. Ms. Oalmann filed the answer to the appeal in the trial court on May 14, 2015.
Louisiana Code of Civil Procedure article 2133 governs the filing of answers to appeals. It provides:
A. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appel-lee’s action.
B. A party who does not seek modification, revision, or reversal of a judgment in an appellate court, including the supreme court, may assert, in support of the judgment, any argument supported by the record, although he has not appealed, answered the appeal, or applied for supervisory writs. [Emphasis added].
The article does not designate the court in which the answer must be filed.
Ms. Fuselier urges that the once the order granting the appeal was signed, the trial court was divested of jurisdiction and the answer to the appeal could not be filed in the trial court. Louisiana Code of Civil Procedure article 2088 states that the trial court is divested of its jurisdiction over all matters in cases that are reviewable under the appeal when the order of devolutive appeal is granted; however, it also states that the trial court maintains jurisdiction in the case over those matters not reviewable under the appeal, including the right to “[g]rant an appeal to another party.” See La. C.C.P. art. 2088(A); La. C.C.P. art. 2088(A)(6).
| inMs. Fuselier relies upon Smoot v. Hernandez, 2008-1121 (La.App. 3 Cir. 3/4/09), 6 So.3d 352, 361, in which the third circuit found that an answer filed in the trial court after the appeal was taken was not valid because the trial court lacked jurisdiction over the answer. The Smoot court granted the appellant’s motion to strike the answer. It is noted that there were two other deficiencies with respect to the appellee’s answer in that case. In the more recent third circuit case, also involving an answer filed in the trial court after the appeal was taken but before the appeal was lodged, the third circuit found the answer was “not timely filed.” See Kelly v. Boise Building Solutions, 2011-1116 (La. App. 3 Cir. 5/2/12), 92 So.3d 965, 968, writs denied, 2012-1173, 1209 (La. 10/8/12), 98 So. 3d 851. The court in Kelly, therefore, declined to consider the answer; it did not strike the answer.
Ms. Oalmann filed an opposition to the motion to strike the answer, relying upon *25 Cooper v. Orleans Parish School Board, 99-0050 (La.App. 4 Cir. 9/8/99), 742 So.2d 55, writ denied, 99-2886 (La. 12/10/99), 751 So.2d 858, which held that an answer can be validly filed in the trial court. The Cooper case likewise involved an answer that was filed in the trial court before the appeal was lodged. In considering the issue, the court emphasized that appeals are favored in the law and pointed out that the answer was filed at a time when there was no record into which the appellee could file his answer. The court also saw no reason to require counsel for the appellee “to constantly watch for notice of the filing of the record in the court of appeal to make certain the answer is not filed later than 15 days thereafter.” Therefore, the court did not dismiss the answer. In reaching its decision, the Cooper court did not address La. C.C.P. article 2088 or the concomitant question of whether the answer was filed in a court that possessed jurisdiction over it.
InMs. Oalmann also relies upon Diesel Engine Repairs, Inc. v. Point Landing, Inc., 291 So.2d 791 (La. App. 4 Cir. 1974), where the appellee filed an answer to appeal in the trial court at a time when the record was still in the trial court. The fourth circuit stated:
There is no law or jurisprudence which interdicts or prohibits the filing of the answer to the appeal in the district court while the record in the case appealed is still in the district court.
Diesel Engine Repairs, Inc., 291 So.2d at 791.
Neither party refers to this circuit’s case previously addressing the issue in Brouillette v. Consol. Const. Co. of Florida, 411 So.2d 598, 599 (La. App. 1 Cir. 1982). The defendant in Brouillette claimed that the answer to the appeal should have been filed in the appellate court rather than the trial court, and urged the appellate court to dismiss the answer for that reason alone. This court stated:
The only stricture on the filing of an answer is that it be filed “not later than fifteen days after the return day or the lodging of the record whichever is later.” Article 2133 of the Code of Civil Procedure. There is no requirement that it be filed in the appellate court.
Furthermore, this court noted that “[sjince no action is required by the court relative to an answer, the question of the authority of the trial court, under Article 2088 of the Code of Civil Procedure, need not be considered.” Brouillette, 411 So.2d at 599.
We also note that the fifth circuit, relying on our opinion in Brouillette, also denied a motion to strike an answer that was filed in the trial court after a devolutive appeal was granted. Palmer v. Benson Toyota Co., Inc., 93-1059 (La. App. 5 Cir. 5/31/94), 641 So.2d 547, 550, writ denied, 94-2600 (La. 12/16/94), 648 So.2d 392.
Based upon our previous holding in Brouillette, we deny the motion to strike filed by Ms. Fuselier.
| failing to Brief Issue Raised in Answer
Ms. Fuselier also objects to the answer filed by Ms. Oalmann because the only issue raised in the answer, the frivolousness of the appeal, was never briefed as required by Uniform Rules of the Courts of Appeal Rule 2-12.4(B)(4).
Rule 2-12.4(B)(4) of the Uniform Rules requires that “[a]ll assignments of error and issues for review.. .be briefed.” While Rule 2-12.4 is entitled “Appellant’s Brief,” the rule has been applied to answers. See Duhon v. Albertson’s, Inc., 2002-0494 (La. App. 3 Cir. 10/30/02), 829 So.2d 1190. In the present case, the appellee’s answer only contends that the appeal was frivolous and that the appellant should be sanctioned as a result. The appellee did not *26 brief the frivolous appeal claim in her ap-pellee brief or in any other pleading she has filed with this court.
The substantive and procedural effect of an answer to an appeal is the same as an appeal. Vining v. Bardwell, 482 So.2d 685, 694 (La. App. 1 Cir. 1985), writ denied, 487 So.2d 439 (La. 1986), citing State ex rel. Guste v. Pickering, 365 So.2d 943 (La. App. 4th Cir. 1978), writ denied, 366 So.2d 556 (La. 1978). The only distinction between them is that La. C.C.P. art. 2133 requires that an answer to an appeal state the relief demanded. The party answering an appeal is an appellant for purposes of the appellate relief he seeks. The Courts of Appeal of Louisiana will only review an issue which is contained in an assignment or specification of error. Rule 1-3, Uniform Rules-Court of Appeal. Further, a court of appeal may consider as abandoned an assignment or specification of error which has not been briefed. Rule 2-12.4, Uniform Rules-Court of Appeal. Vining, 482 So.2d at 694. Ms. Oalmann has not briefed the issue of the frivolousness of the appeal filed by Ms. Fuselier. In this factual posture, this complaint asserted in the answer to the appeal has been abandoned. Vining, 482 So.2d at 694, citing Vernon v. Aetna Life and Casualty Insurance Company, 442 So.2d 674 (La. App. 1 Cir. 1983); Ketcher v. Illinois Central Gulf Railroad Company, 440 So.2d 805 (La. App. 1 Cir. 1983), writs denied, 444 So.2d 1220, 1222 (La. 1984).
CONCLUSION
For the above and foregoing reasons, we dismiss the appeal, deny the motion to strike, and deem abandoned the answer to the appeal. This case is remanded for further proceedings. Costs of this appeal are assessed equally among the parties, Ashley Poole Fuselier and Catherine C. Oalmann.
MOTION TO DISMISS APPEAL GRANTED; APPEAL DISMISSED; MOTION TO STRIKE ANSWER DENIED; ANSWER TO APPEAL DEEMED ABANDONED; CASE REMANDED FOR FURTHER PROCEEDINGS.
McDonald, J. concurs.