SHAQUANA HARVEY, INDIVIDUALLY AND IN HER CAPACITY AS THE NATURAL TUTRIX OF JADEN HARVEY

VERSUS

ERIC WAYNE HAMBY, PLAQUEMINES PARISH SHERIFF'S OFFICE, THROUGH GERALD A. TURLICH, JR., SHERIFF, AND AMERICAN ALTERNATIVE INSURANCE CORPORATION

\* NO. 2023-CA-0756

\* COURT OF APPEAL

\* FOURTH CIRCUIT

\* STATE OF LOUISIANA

\*

\*

\* \* \* \* \* \* \*

DNA

**ATKINS, J., CONCURS IN THE RESULT.**

I concur in the result from the standpoint that I agree with the decision to affirm the trial court's October 11, 2023 judgment, wherein the trial court found that Jaden Harvey was "above the age of discernment" at the time of the subject accident; concluded that Jaden Harvey was "contributorily negligent" for the subject accident; apportioned 65% fault for the subject accident to Deputy Eric Wayne Hamby; and apportioned 35% fault for the subject accident to Jaden Harvey. I further agree with the determination that there is no merit to the arguments asserted in the Answer to Appeal ("Answer") filed by Jaden Harvey's mother, Shaquana Harvey ("Ms. Harvey"). However, for the following reasons, I write separately to expound on the arguments asserted by Ms. Harvey in her Answer.

According to La. C.C.P. art. 2133(A), "[a]n appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant." Louisiana Code of Civil Procedure Article 2133(A) further provides that "[t]he answer filed by the appellee shall be equivalent to an appeal on his [or her] part from any portion of the judgment rendered against him [or her] in favor of the appellant and

of which he [or she] complains in his answer." As this Court has held, if "a party files an answer to an appeal," then the appellate court's "scope of review is limited to the claims expressly stated in the answer." *FIE, LLC v. New Jax Condo Ass'n*, 2016-0843, 2017-0423, p. 41 (La. App. 4 Cir. 2/21/18), 241 So.3d 372, 400 (first citing La. C.C.P. art. 2133; and then citing *Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll. v. 1732 Canal St., L.L.C.*, 2013-0976, p. 32 (La. App. 4 Cir. 1/15/14), 133 So.3d 109, 130). Nonetheless, as the Louisiana First Circuit Court of Appeal has explained, "[t]he substantive and procedural effect of an answer to an appeal is the same as an appeal." *Succession of Poole*, 2015-1317, p. 12 (La. App. 1 Cir. 10/28/16), 213 So.3d 18, 26 (citing *Vining v. Bardwell*, 482 So.2d 685, 694 (La. App. 1st Cir. 1985)). That is, "[t]he only distinction between" an appeal and an answer to an appeal "is that La. C.C.P. art. 2133 requires that an answer to an appeal state the relief demanded." *Id.* When a party answers an appeal, that "party . . . is an appellant for purposes of the appellate relief he [or she] seeks." *Id.*

Considering the language of La. C.C.P. art. 2133 and the foregoing jurisprudence, I write separately because I find that this Court should expand its summary and resolution of Ms. Harvey's Answer. Ms. Harvey's Answer operates substantively and procedurally as an appeal; and via her Answer Ms. Harvey appears before this Court as an appellant for the purpose of the relief she seeks. *Succession of Poole*, 2015-1317, p. 12, 213 So.3d at 26. In her Answer, Ms. Harvey points out that in its October 11, 2023 judgment, "the trial court found that Jaden Harvey was above the age of discernment and thus capable of contributory negligence in the accident at issues [sic]. The trial court then assessed 35% fault to Jaden Harvey." Ms. Harvey contends that "[b]oth of these findings constitute error by the trial court." Accordingly, in her Answer, Ms. Harvey asserts that this Court should reverse the trial court's October 11, 2023 judgment "to the extent that it found Jaden Harvey was above the age of discernment and thus capable of

2

contributory negligence as well as to the extent that it assessed fault to Jaden Harvey." Ms. Harvey also requests that this Court order Appellants to pay her legal costs from the trial court and for this appeal.

Nevertheless, although I would choose to provide further summary of Ms. Harvey's Answer, I am concurring in the result reached by the Majority because I find no merit to Ms. Harvey's Answer. That is, as stated previously, I agree with upholding the trial court's October 11, 2023 judgment, which found Jaden Harvey was "above the age of discernment" and "contributorily negligent" for the subject accident; apportioned 65% fault for the accident to Deputy Eric Wayne Hamby; and apportioned 35% fault for the accident to Jaden Harvey. These are precisely the findings that form the basis of Ms. Harvey's Answer and for which she seeks reversal. Moreover, finding no merit to her contention that these findings should be reversed, I also find no merit to Ms. Harvey's request in her Answer that this Court order Appellants to pay her legal costs from the trial court and for this appeal. Accordingly, as the Opinion does, I would deny Ms. Harvey's answer. For these reasons, I concur in the result.