**ABBOTT, PRICE, BENJAMIN AND RUE LLC**

**VERSUS**

**KODIAK PARTNERS LLC (F/K/A MMG REAL ESTATE, LLC), ET AL.**

\* NO. 2025-CA-0183

\*

\* COURT OF APPEAL

\*

\* FOURTH CIRCUIT

\*

STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2024-04736, DIVISION "J"
Honorable D. Nicole Sheppard
\* \* \* \* \* \*
**Judge Monique G. Morial**
\* \* \* \* \* \*

(Court composed of Judge Sandra Cabrina Jenkins, Judge Karen K. Herman, Judge Monique G. Morial)

John Ashley Moore
Jonathan A. Moore
Cameron A. Murray
TAYLOR PORTER BROOKS & PHILLIPS
450 Laurel Street, 8th Floor
P.O. Box 2471
Baton Rouge, LA 70821

      COUNSEL FOR PLAINTIFF/APPELLANT

Scott L. Sternberg
M. Suzanne Montero
Katherine W. Gressett
Johnston J. Burkhardt
STERNBERG NACCARI & WHITE, LLC
935 Gravier Street, Suite 1800
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLEE

          **APPEAL DISMISSED**
          **AUGUST 21, 2025**

In this appeal, Plaintiff, Abbott, Price, and Rue, L.L.C. ("Plaintiff"), seeks review of this Court's December 16, 2024 judgment granting an exception of lack of procedural capacity filed by Defendants, Kodiak Partners, L.L.C., Scott Matthews, and Sam McGovern ("Defendants"), and dismissing Plaintiff's suit. For the following reasons, we find this Court lacks jurisdiction to consider this appeal and we dismiss the appeal.

**Factual and Procedural History**

The underlying factual and procedural history has been set forth in this Court's prior decision:

> On June 26, 2020, Brian Mahon ("Mahon") formed Abbott Price as a Louisiana limited liability company. According to the petition, Abbott Price "provides a full range of real estate services and focuses its business upon off-market deals specifically targeting investors in commercial and residential real estate opportunities situated in numerous southeasterly and northeasterly states." Abbott Price has offices in New Orleans, Louisiana, and Philadelphia, Pennsylvania. At the time of formation, Mahon was Abbott Price's sole member-manager. In 2021, Matthews – Mahon's nephew – began working for Abbott Price, and eventually, Mahon gave Matthews management responsibilities and a membership interest in Abbott Price.
>
> After Matthews acquired his membership interest in Abbott Price, McGovern started working for the LLC and was responsible for managing the Philadelphia office. At some point, Matthews and

1

McGovern left Abbott Price and started their own business, Kodiak Partners, which provided similar real estate services as Abbott Price. Abbott Price filed a petition for damages against Relators on May 23, 2024, alleging Relators breached their fiduciary duties to the LLC, took confidential Abbott Price information, and engaged in unfair trade practices. A month later, Relators [Kodiak Partners, Matthews and McGovern] filed a dilatory exception of lack of procedural capacity, which Abbott Price opposed. The first hearing on Relators' exception occurred on August 23, 2024, and at the conclusion of the hearing, the trial court ordered both sides to provide supplemental briefing. After receiving the supplemental briefing, the trial court conducted a second hearing on October 10, 2024, in which it overruled Relators' exception.

*Abbott, Price Benjamin & Rue, LLC v. Kodiak Partners, LLC*, 24-0726, pp. 1-3 (La. App. 4 Cir. 12/16/24), — So.3d —, 2024 WL 5116649, *writ denied*, 25-00075 (La. 4/8/25), 405 So.3d 574.   Thereafter, Defendants sought supervisory review with this Court, asserting that the district court erred in overruling their exception of lack of procedural capacity. On December 16, 2024, this Court granted Defendants' writ application, granted the exception of lack of procedural capacity, and dismissed Plaintiff's suit. *Abbott*, 24-0726, p. 5 (La. App. 4 Cir. 12/16/24), — So.3d —, 2024 WL 5116649 at * 9-10. This Court determined that Plaintiff lacked the procedural capacity to file suit against its members "absent a majority vote of its members" and found "the proper procedural vehicle to enforce a right of Abbott Price on behalf of Abbott Price would be for a member – such as Mahon – to file a derivative action." *Abbott*, 24-0726, p. 4 (La. App. 4 Cir. 12/16/24), 2024 WL 5116649 at *8.

2

On December 17, 2024, Plaintiff filed a motion for devolutive appeal in the district court seeking review of this Court's December 16, 2024 ruling granting the exception of lack of procedural capacity. The district court granted the motion for devolutive appeal and the instant appeal was lodged.

On January 15, 2025, Plaintiff also filed a writ of certiorari with the Louisiana Supreme Court seeking review of this Court's December 16, 2024 ruling. On April 8, 2025, the Louisiana Supreme Court denied Plaintiff's writ of certiorari. *Abbott, Price, Benjamin, & Rue, L.L.C. v. Kodiak Partners, et al.*, 25-0075, p. 1 (La. 4/8/25), 405 So.3d 574.

**Discussion**

This case presents the unusual circumstance in which Plaintiff has filed an appeal from a judgment of this Court while simultaneously seeking a writ of certiorari from the Louisiana Supreme Court. La. C.C.P. art. 2166 provides that a party seeking review of a judgment of this Court may apply to this Court for a rehearing and/or may apply to the Louisiana Supreme Court for a writ of certiorari. In the instant appeal, Defendants have filed a motion to dismiss the appeal, contending that the appeal of the judgment at issue—this Court's December 16, 2024 judgment issued on supervisory review—is improper and that the judgment is not an appealable judgment. We agree.

The issue of subject matter jurisdiction addresses the court's authority to adjudicate the cause before it; the issue may be considered at any time, even by an appellate court on its own motion, at any stage of an action. *Succession of Poole*, 15-1317, p. 6 (La. App. 1 Cir. 10/28/16), 213 So.3d 18, 22 (quotations omitted).

3

"Once a judgment becomes final and definitive and acquires the authority of the thing adjudged, no court has jurisdiction, in the sense of power and authority, to modify, revise or reverse the judgment, regardless of the magnitude of the error in the final judgment." *Alonso v. Admin. Patient's Comp. Fund*, 20-211, p. 6 (La. App. 5 Cir. 12/30/20), 310 So.3d 297, 302.

A judgment that decides the merits of the case in whole or in part is a final judgment. La. C.C.P. art. 1841. "A final judgment may be rendered by either a trial court or an appellate court, and a judgment by an appellate court that decides the merits of the case is a final judgment, regardless of whether the case reached the appellate court on appeal or on supervisory writs." *Poole*, 15-1317, p. 7 (La. App. 1 Cir. 10/28/16), 213 So.3d at 23. Moreover, a judgment becomes final and definitive if no further review is sought within the time fixed by law, if the Supreme Court denies an application for certiorari, or if the judgment is confirmed on further review. *Id.*, citing La. C.C.P. art. 2166(E).

In this case, after this Court's December 16, 2024 judgment granting the exception of lack of procedural capacity and dismissing Plaintiff's suit, Plaintiff sought a writ of certiorari with the Louisiana Supreme Court pursuant to La. C.C.P. art. 2166. On April 8, 2025, the Louisiana Supreme Court denied Plaintiff's writ. *Abbott*, 25-0075, p. 1 (La. 4/8/25), 405 So.3d 574. Thus, the judgment at issue granting the exception of lack of procedural capacity is final and definitive. See La. C.C.P. art. 2166(E). Consequently, this Court lacks jurisdiction to consider this appeal.

4

**<u>Decree</u>**

Accordingly, we grant Defendants' motion to dismiss the appeal and we dismiss the appeal.[1]

**APPEAL DISMISSED**

---

[1]In their "Motion to Dismiss Appeal and For Damages Pursuant to La. C.C.P. art. 2164," Defendants seek damages, including attorney fees and costs, related to this appeal. This Court has recently stated, "[a]lthough La. C.C.P. art. 2164 and Rule 2–19 provide for damages for frivolous appeals, such damages are not proper when the party seeking them fails to either appeal or answer the appeal." *IPF22, LLC v. Frazier*, 24-0772, p. 15 (La. App. 4 Cir. 6/6/25), 2025 WL 1604441 at *8. Defendants in this case did not file a separate appeal nor answer Plaintiff's appeal and, thus, we lack jurisdiction to consider Defendants' request for damages related to this appeal. *Id*.