## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 17-666 c/w 17-667

LINDA MOUTON

VERSUS

AAA COOPER TRANSPORTATION,
ET AL.

CONSOLIDATED WITH:

CORY MOUTON

VERSUS

AAA COOPER TRANSPORTATION,
ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2015-0463 C/W 2015-0466, DIV. F
HONORABLE DAVID M. SMITH, DISTRICT JUDGE

**********

VAN H. KYZAR

JUDGE

**********

Court composed of John E. Conery, Van H. Kyzar, and Candyce G. Perret, Judges.

APPEAL SUSPENDED.
REMANDED WITH INSTRUCTIONS.

David C. Laborde
Jeff D. Easley
Laborde Earles Law Firm, LLC
Post Office Box 80098
Lafayette, Louisiana 70598-0098
Counsel for Plaintiffs/Appellees:
	Linda Mouton and Corey Mouton

S. Daniel Meeks
Nicholas J. Lorusso
Phyllis E. Glazer
Kristen E. Meeks
Meeks & Associates, LLC
3401 West Esplanade Avenue, South
Suite 3
Metairie, Louisiana 70002
Counsel for Defendants/Appellants:
    AAA Cooper Transportation, Inc.; Arthur Huguley; and Ace American Insurance
    Company

Michael J. Remondet, Jr.
Michael R. Guidry
Scott F. Higgins
Jeansonne and Remondet
Post Office Box 91350
Lafayette, LA 70509
Counsel for Intervenor/Appellee:
    T.K. Stanley, Inc.

**KYZAR, Judge.**

This court issued a rule ordering Defendants-Appellants (hereinafter collectively referred to as Defendants), AAA Cooper Transportation, Inc. (ACT); Arthur Huguley (Huguley); and Ace American Insurance Company (Ace), to show cause, by brief only, why their appeal should not be dismissed as having been taken from the February 8, 2017 judgment which lacks proper decretal language, or, in the alternative, why the appeal (which has already been briefed) should not be suspended pending the receipt of a judgment containing proper decretal language. *See Input/Output Marine Systems, Inc. v. Wilson Greatbatch, Technologies, Inc.*, 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909. For the reasons that follow, we suspend the appeal and remand the matter to the trial court with instructions to issue a judgment containing proper decretal language.

## FACTS AND PROCEDURAL HISTORY

On April 24, 2014, Curley Mouton (Mouton) was fatally injured in an automobile accident that occurred when the tire of the tractor-trailer rig driven by Huguley and owned by Huguley's employer, ACT, failed, which allegedly resulted in debris from the tire flying into the roadway. After Huguley's tire failed, the Mack truck being driven by Mouton left its lane of travel, struck and traveled through a guardrail on Interstate I-10, flipped over, hit a tree, and landed upside down in a drainage ditch. Plaintiffs-Appellees (hereinafter collectively referred to as Plaintiffs), Linda Mouton (the surviving spouse of the decedent) and Corey Mouton (the major son of the decedent), filed separate suits against Defendants. The suits were consolidated in the trial court.

Following a trial by jury, a verdict in favor of Plaintiffs was rendered. The jury apportioned ten percent (10%) of the fault to Huguley and ninety percent (90%) of the fault to ACT. Mouton was found to be free from fault. The jury

awarded $67,702.22 (with $50,000.00 of that being damages for conscious mental and physical pain and suffering) in damages for the survival action; $410,000.00 in wrongful death damages to the surviving spouse; and $160,000.00 in wrongful death damages to the major son.

Plaintiffs filed a motion for judgment notwithstanding the verdict (JNOV), seeking an increase in the survival action general damage award. The trial court granted the motion and increased the amount for general damages in the survival action from $50,000.00 to $150,000.00. Costs were also taxed. Thereafter, the total judgment was $737,702.52 plus court costs.

On February 8, 2017, the trial court signed a judgment which taxed costs for expert fees and increased the survival action general damage award to $150,000.00. On March 1, 2017, Defendants filed a motion for suspensive appeal, obtained a signed order of appeal, and posted an appeal bond. In due course, the record was lodged in this court and briefs by the Defendants and Plaintiffs were filed. Then, this court issued a rule ordering Defendants to show cause, by brief only, why their appeal should not be dismissed as having been taken from the February 8, 2017 judgment which lacks proper decretal language, or, in the alternative, why the appeal (which has already been briefed) should not be suspended pending the receipt of a judgment containing proper decretal language. *See Input/Output Marine Sys.*, 52 So.3d 909.

## DISCUSSION

In *Input/Output Marine*, 52 So.3d at 916 (citation omitted), the court stated that "the failure to name any defendant against whom the judgment was rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom the judgment may be enforced."

2

In *Board of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll. v. Mid City Holdings, L.L.C.*, 14-506, pp. 2-3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910, the court stated:

> We cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. *See Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc.*, 10-477, p. 12 (La.App. 5 Cir. 10/29/10); 52 So.3d 909, 915. "A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled." La. C.C.P. art. 1841. "A valid judgment must be precise, definite and certain. . . . The decree alone indicates the decision. . . . The result decreed must be spelled out in lucid, unmistakable language. . . . . The quality of definiteness is essential to a proper judgment. *Input/Output Marine*, 10-477, pp. 12-13; 52 So.3d at 915-16 (citations omitted).
>
> . . . "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Input/Output Marine*, 10-477, p. 13; 52 So.3d at 916.

The judgment signed by the trial court on February 8, 2017, stated with respect to damages only that:

> [I]t is hereby:
>
> **ORDERED, DECREED, AND ADJUDGED** that the Motion for Judgment Notwithstanding the Verdict (JNOV) is **GRANTED** whereby the Court, after finding that the survival action general damage award by the jury was abusively low, increases said award from $50,000.00 dollars [sic] to **$150,000.00** dollars [sic] for physical and mental paining [sic] and suffering incurred by the deceased, Curley Mouton.

The judgment does not name the parties against whom the judgment is rendered so that it is not evident as to which parties the judgment may be enforced. There is no mention of the amount of damages payable by the separate defendants according to the apportionment of fault. As a result, this judgment is not precise, definite or certain.

Defendants agree that the February 8, 2017 judgment lacks proper decretal language to confer appellate jurisdiction because the parties cast in judgment are

not named and the relief granted is not specified. However, Defendants argue that this court should exercise its supervisory jurisdiction, vacate that judgment, render a final judgment, and then decide the merits of the appeal. *See Zeigler v. Housing Auth. of New Orleans*, 15-626 (La.App. 4 Cir. 3/23/16), 192 So.3d 175.

Defendants also cite *Succession of Poole*, 15-1317, p. 7 (La.App. 1 Cir. 10/28/16), 213 So.3d 18, 23, for the proposition that "[a] final judgment may be rendered by either a trial court or an appellate court, and judgment by an appellate court that decides the merits of the case is a final judgment, regardless of whether the case reached the appellate court on appeal or on supervisory writs."

In *Zeigler*, 192 So.3d 175, the trial court granted exceptions of no cause of action and no right of action, but the judgment did not name the party against whom the judgment was rendered and did not specify the relief granted. The fourth circuit stated that: "[h]ere, the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs. We thus exercise our discretion and convert the instant appeal . . . to an application for supervisory writ." *Zeigler*, 192 So.3d at 178.

Then, in *Poole*, 213 So.2d at 22, the first circuit dismissed an appeal based upon a finding that it had no subject matter jurisdiction to consider the appeal. In *Poole*, the trial court granted an exception of prescription and dismissed a third-party demand with prejudice. The third-party plaintiff filed an application for supervisory writs, which was granted thereby reversing the judgment. But, while that writ was pending, the third-party plaintiff filed an appeal of the same judgment. The first circuit stated: "Before us is the unusual circumstance in which the appellant, Ms. Fuselier, has filed an appeal from the March 5, 2015 judgment upon which we have already ruled, and has asked this court to dismiss the appeal as

4

moot given our reversal of the trial court judgment in granting the writ." *Poole*, 213 So.2d at 22.

We find that reliance on *Zeigler*, 192 So.3d 175, and *Poole*, 213 So.3d 18, by Defendants is misplaced. Both of those cases deal with exceptions. Although the motion for appeal in the instant case was filed within thirty days of the February 8, 2017 judgment, this case is not appropriate for the exercise of this court's supervisory jurisdiction because the judgment was rendered after a trial on the merits and after consideration of a motion for JNOV. In the case *sub judice*, the record has already been lodged in this court, and all briefs have been filed. Importantly, this court routinely declines to exercise its supervisory jurisdiction where an adequate remedy by appeal would exist after the issuance of a final judgment that has proper decretal language. *Kimsey v. Nat'l Auto. Ins. Co.*, 13-856 (La.App. 3 Cir. 2/12/14), 153 So.2d 1035, citing *Thomas v. Lafayette Par. Sch. Sys.*, 13-91 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055. *See also Douglass v. Alton Ochsner Med. Found.*, 96-2825 (La. 6/13/97), 695 So.2d 953, and *Bayer v. Starr Int'l Corp.*, 17-257 (La.App. 4 Cir. 8/15/17), 226 So.3d 514.

In the alternative, Defendants ask that this court stay the appeal and remand the matter to the trial court for the limited purpose of rendering a final judgment. We find that this is the appropriate course of action in this case. Therefore, we decline to exercise our supervisory jurisdiction and, instead, stay the appeal and remand the matter to the trial court with instructions to enter a properly worded final judgment.

## DECREE

For the reasons assigned herein, this court will not exercise its supervisory jurisdiction at present, but will suspend the appeal and remand this matter to the trial court with instructions to sign a judgment containing proper decretal language,

5

including the names of the parties against whom the judgment is rendered (with a specification of the percentages of fault as assessed by the jury) and a specification of the increase in the award of general damages in the survival action (with a specification of the other damages awarded by the jury).[1] The Clerk of Court for the Fifteenth Judicial District Court shall forward the judgments so signed to this Court as a supplement to this appellate record.

**APPEAL SUSPENDED. REMANDED WITH INSTRUCTIONS.**

---

[1] The judgment should continue to contain the ruling on subrogation and the award of interest as set forth in the original October 31, 2016 judgment, and the taxing of costs for expert fees.

6