NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-103

FRANK COLLATT AND
JENNIFER CORREIA

VERSUS

BARBARA T. BOUDREAUX AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20145830, DIV. F
HONORABLE DAVID M. SMITH, DISTRICT JUDGE

**********

JOHN E. CONERY

JUDGE

**********

Court composed of John D. Saunders, John E. Conery, and Van H. Kyzar, Judges.

APPEAL SUSPENDED.
REMANDED WITH INSTRUCTIONS.

Brian M. Caubarreaux
Laura B. Knoll
Eugene A. Ledet, Jr.
Emily Gremillion
Brian Caubarreaux & Associates
144 Tunica Drive West
Marksville, Louisiana  71351
(318) 253-0900
Counsel for Plaintiff/Appellant:
    Jennifer Correia

J. P. D'Albor
Haik, Minivelle & Grubbs
1017 East Dale Street
New Iberia, Louisiana 70560
(337) 365-5486
Counsel for Intervenor:
    Lafayette Surgical Hospital, LLC

Robert Mark Marionneaux, Jr.
The Marionneaux Law Firm
660 Saint Ferdinand Street
Baton Rouge, Louisiana  70802
(225) 330-6679
Counsel for Plaintiff /Appellant:
    Jennifer Correia

F. Douglas Wimberly
Cloyd, Wimberly & Villemarette, LLC
302 La Rue France, Suite 204
Lafayette, Louisiana  70508
(337) 289-6906
Counsel for Defendants/Appellees:
    Barbara T. Boudreaux
    State Farm Mutual Automobile Insurance Company

**CONERY, Judge.**

Plaintiff-Appellant, Jennifer Correia (Correia), appeals a September 17, 2018 judgment on her motion for judgment notwithstanding the verdict (JNOV) as amended by a judgment signed on April 3, 2019, following a remand from this court. For the reasons that follow, we suspend the appeal for a second time and remand this matter to the trial court with instructions to issue a judgment containing proper decretal language naming the parties in whose favor and against whom the judgment is rendered as directed by this court in *Collatt v. Boudreaux*, 19-103 (La.App. 3/13/19) (unpublished opinion).

## FACTS AND PROCEDURAL HISTORY

This court previously set forth the facts of this case as follows:

> Correia and Frank Collatt (Collatt) filed suit against Barbara T. Boudreaux (Boudreaux) and her insurer, State Farm Mutual Automobile Insurance Company (State Farm), following an automobile accident that occurred on December 5, 2013. The vehicle being driven by Correia and occupied by Collatt as a guest passenger was stopped in the drive-through lane at the Chick-Fil-A on Ambassador Caffery Parkway in Lafayette, Louisiana, when it was rear-ended twice by the vehicle that Boudreaux was driving.

> A review of the record reveals the following facts. Although the same attorney represented Boudreaux and State Farm, separate answers were filed on behalf of each. Correia and Collatt filed a motion for summary judgment, which was not opposed by the defendants, and the trial court entered judgment finding Boudreaux one hundred percent at fault in causing the accident. Interventions were filed by Alfred Boustany, II, APLC, the attorney who previously represented Correia and Collatt, and by Lafayette Surgical Hospital, LLC.

> Correia's claims proceeded to trial by jury, and a verdict was returned in her favor. She was awarded $120,960.04 for past medical expenses; $120,000.00 for future medical expenses; $50,000.00 for past mental and physical pain and suffering; $50,000.00 for future mental and physical pain and suffering; $41,600.00 for past lost wages; $20,800.00 for future lost wages; and $40,000.00 for permanent disability. The jury did not award Correia any damages for permanent scarring and disfigurement or for loss of enjoyment of life. A judgment in accordance with the jury's verdict was signed by the trial court.

Thereafter, Correia filed a motion for judgment notwithstanding the verdict which was set for contradictory hearing on August 6, 2018. At the conclusion of the hearing, the trial court awarded Correia $15,000.00 for scarring and disfigurement, $25,000.00 for loss of enjoyment of life, and otherwise left untouched the damages awarded by the jury. Counsel for Boudreaux and State Farm was ordered to prepare a judgment. On September 17, 2018, the trial court signed the judgment presented to it. That judgment provided, in pertinent part, as follows:

The Court, after considering the pleadings filed, argument of counsel, and Louisiana Law, rendered Judgment as follows:

With regard to plaintiff's Motion for Judgment Notwithstanding the Verdict, the award for permanent scarring and disfigurement is increased from $0 to $15,000.00; and the award for loss of enjoyment of life is increased from $0 to $25,000.00. All other damages listed on the Jury Verdict Form remain the same.

The defendants did not appeal either judgment. Correia filed a motion for devolutive appeal of "the original Judgment rendered by the jury and signed by the presiding judge on May 24, 2018, as well as the Judgment Notwithstanding the Verdict signed on September 17, 2018." When the record was received by this court, we discovered that the September 17, 2018 judgment did not state the relief granted or denied, nor did it name the parties cast in judgment. Thereafter, we ordered Correia to show cause why the appeal should not be dismissed as having been taken from a judgment that lacked proper decretal language. *See Input/Output Marine Sys.*, 52 So.3d 909, and *Mouton v. AAA Cooper Transp.*, 17-666, 17-667 (La.App. 3 Cir. 1/10/18), 237 So.3d 594.

*Collatt*, 19-103 (footnotes omitted).

This court declined to render a final judgment and then decide the merits of the appeal because "the judgment was rendered after a trial on the merits and after consideration of a motion for JNOV" and because "this court routinely declines to exercise its supervisory jurisdiction where an adequate remedy by appeal would exist after the issuance of a final judgment that has proper decretal language." *Mouton*, 237 So.3d at 597.

This court's previous opinion specifically pointed out that "the September 8, 2018 judgment does not 'name the party in favor of whom the ruling is ordered, [or]

the party against whom the ruling is ordered.' *Input/Output Marine Systems*, 52 So.3d at 916." *Collatt*, 19-103 (footnote omitted). We stayed the appeal and remanded this matter to the trial court for the limited purpose of rendering a final judgment with proper decretal language.

On April 3, 2019, the trial court signed an amended judgment which stated the nature of the relief granted and specified the increase in the award for permanent scarring and disfigurement and in the award for loss of enjoyment along with the other damages awarded by the jury such that the amount awarded is determinable from the face of the judgment. The amended judgment, however, still failed to state in whose favor and against whom the judgment was rendered.

Thus, this court issued another rule to Correia to show cause why the appeal should not be dismissed as having been taken from the April 3, 2019 amended judgment that still lacked proper decretal language. Correia responded to the rule and attached a copy of a proposed judgment that had been approved as to form by the defendants and submitted to the trial court. The proposed judgment included language that "final judgment is hereby rendered herein in favor of plaintiff, JENNIFER CORREIA, and against the defendants, Barbara T. Boudreaux and State Farm Mutual Automobile Insurance Company, *in solido*." This judgment was not signed by the trial court.

Correia requests that this court issue a final judgment or again suspend the appeal and remand the matter to the trial court. She argues that her appeal should not be dismissed since it is through no fault of the parties that the amended judgment still lacks decretal language. This court again declines to render a final judgment and then decide the merits of the appeal based on *Mouton*, 237 So.3d 594.

**DECREE**

This court lacks jurisdiction to consider the merits of this appeal because it was taken from a judgment that lacks proper decretal language. This appeal is suspended, and the matter is again remanded to the trial court with instructions to sign a judgment containing proper decretal language, specifically to name the party in favor of whom the ruling is rendered and the party/parties against whom the ruling is rendered, no later than May 16, 2019. The Clerk of Court for the Fifteenth Judicial District Court shall forward the judgment so signed to this court as a supplement to the appellate record.

**APPEAL SUSPENDED. REMANDED WITH INSTRUCTIONS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.