NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 20-272

LOUISIANA STATE UNIVERSITY SYSTEM BOARD

OF SUPERVISORS THROUGH LOUISIANA STATE UNIVERSITY

VETERINARIAN TEACHING HOSPITAL

VERSUS

ROBERT JOHNSON

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2019-7200A
HONORABLE KERRY LYNDON SPRUILL, DISTRICT JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of Billy H. Ezell, Shannon J. Gremillion and Phyllis M. Keaty, Judges.

APPEAL SUSPENDED;  REMANDED WITH INSTRUCTIONS.

**Jerold Edward Knoll**
**The Knoll Law Firm**
**Post Office Box 426**
**Marksville, La 71351**
**(318) 253-6200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Robert Johnson**

**Amy D. Richard**
**Louisiana Department of Justice-Assistant Attorney General**
**Post Office Box 94005**
**Baton Rouge, La 70804-9005**
**(225) 326-6550**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Louisiana State University Board of Supervisors**
    **Louisiana State University Veterinarian Teaching Hospital**

**GREMILLION, Judge.**

This court issued a rule ordering Plaintiff-Appellant, Louisiana State University System Board of Supervisors through Louisiana State University Veterinarian Hospital (LSU), to show cause, by brief only, why the appeal should not be dismissed as having been taken from a judgment lacking proper decretal language. *Input/Output Marine Systems, Inc. v. Wilson Greatbatch, Technologies, Inc.*, 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909. For the reasons that follow, we suspend the appeal and remand this matter to the trial court with instructions to issue a judgment containing proper decretal language.

## FACTS AND PROCEDURAL HISTORY

LSU filed suit to recover the balance on an open account established by Defendant, Robert Johnson (Johnson), for the veterinary medical treatment of his cat. Johnson filed an answer and reconventional demand for overpayment and damages for the filing of a frivolous suit. In response, LSU filed exceptions of no cause of action, vagueness, and ambiguity and want of amicable demand for the reconventional demand for overpayment, and exceptions of no cause of action and vagueness and ambiguity to the reconventional demand for damages. Johnson subsequently filed a peremptory exception of prescription to LSU's suit on open account. Following a trial on the exceptions, on April 3, 2020, a written Judgment was signed, which provided, in pertinent part, as follows:

REASONS HANDED DOWN on February 28, 2020 and Written Reasons dated March 20, 2020,

ORDERED, ADJUDGED AND DECREED:

1. The Preemptory Exception of Prescription filed by JOHNSON is hereby GRANTED;

2. The Exceptions to JOHNSON'S Reconventional Demand filed by LSU . . . are hereby deemed and declared moot in view of the grant of the Preemptory Exception of Prescription filed by JOHNSON[;]

3. The Reconventional Demand by JOHNSON for the claim for Overpayment is hereby dismissed as having prescribed for the same reasons assigned to the granting of JOHNSON'S Reconventional demand; and

4. JOHNSON'S demand for Sanctions under La. C.C.P. Art. 863 is hereby GRANTED and LSU is hereby cast with attorney[']s fees in the sum of Twenty Thousand and No/100 ($20,000.00) Dollars, together with legal interest thereon from March 20, 2020 until paid, and for all costs of court incurred in these proceedings.

On April 28, 2020, LSU filed a motion for suspensive appeal of that judgment. When the record was received by this court, we discovered that the judgment did not contain decretal language dismissing LSU's claim against Johnson on the open account. Therefore, we ordered LSU to show cause why the appeal should not be dismissed as having been taken from a judgment lacking proper decretal language.

LSU responded to the rule to show cause, arguing that when the trial court granted Johnson's exception of prescription, LSU's action was dismissed by law. Further, because LSU has only one claim to be barred, LSU urges that the granting of the prescription exception necessarily disposes of LSU's entire action. As such, LSU maintains that the relief granted is determinable from the judgment itself. We disagree.

In the instant case, the judgment contains no decretal language dismissing LSU's claim on Johnson's open account. Consequently, this court finds that it lacks jurisdiction to consider the merits of the appeal. Accordingly, we suspend the appeal and remand this matter to the trial court for the limited purpose of rendering a proper final judgment as we did in *Mouton v. AAA Cooper Transp.*, 17-666, 17-667 (La.App. 3 Cir. 1/10/18), 237 So.3d 594.

**DECREE**

For the reasons given, this court lacks jurisdiction to consider the merits of this appeal because it was taken from a judgment that lacks proper decretal language. This appeal is suspended, and the matter is remanded to the trial court with instructions to sign a judgment containing proper decretal language no later than September 4, 2020. The Clerk of Court for the Twelfth Judicial District Court shall forward the judgment so signed to this court as a supplement to the appellate record, in duplicate.

**APPEAL SUSPENDED;  REMANDED WITH INSTRUCTIONS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.