NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 21-778

LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT

VERSUS

LUCILE B. RANDOL HEIRS, L.L.C.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20212515
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy H. Ezell, Shannon J. Gremillion, Judges.

APPEAL SUSPENDED.
REMANDED WITH INSTRUCTIONS.

**Michael Dean Hebert**
**Becker & Hebert, L.L.C.**
**201 Rue Beauregard**
**Lafayette, LA 70508**
**(337) 233-1987**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Lafayette City-ParishConsolidated Government**

**Camille Bienvenu Poche**
**Babineaux, Poche, Anthony & Slavich, L.L.C.**
**Post Office Box 52169**
**Lafayette, LA 70505-2169**
**(337) 984-2505**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Lafayette City-ParishConsolidated Government**

**Gregory Jesse Logan**
**The Logan Law Firm, L.L.C.**
**Post Office Box 52704**
**Lafayette, LA 70505**
**(337) 406-9685**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Lafayette City-ParishConsolidated Government**

**Gary McGoffin**
**Attorney at Law**
**220 Heymann Boulevard**
**Lafayette, La 70503**
**(337) 233-0300**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Lucile B. Randol Heirs, L.L.C.**

**Pickett, Judge.**

On December 14, 2021, this court issued to Plaintiff/Appellant, Lafayette City-Parish Consolidated Government, a rule to show cause, by brief only, why the appeal should not be dismissed as having been taken from a judgment lacking proper decretal language. *Input/Output Marine Systems, Inc. v. Wilson Greatbatch, Technologies*, Inc., 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909; *see also Mouton v. AAA Cooper Transportation*, 17-666, 17-667 (La.App. 3 Cir. 1/10/18), 237 So.3d 594. For the reasons that follow, we suspend the appeal and remand this matter to the trial court with instructions to issue a judgment containing proper decretal language.

## FACTS AND PROCEDURAL HISTORY

On May 14, 2021, Plaintiff filed a Petition for Expropriation, seeking to expropriate approximately 16.504 acres belonging to Defendant/Appellee, Lucile B. Randol Heirs, L.L.C., for the construction of two drainage detention ponds. In response, on June 8, 2021, Defendant filed Peremptory Exceptions of Unconstitutionality challenging the constitutionality of the Lafayette Quick Take Statute, La.R.S. 19:139, *et seq.*, and alleging the unconstitutional lack of public necessity.

A hearing on the exceptions was held on August 10, 2021. The peremptory exception of unconstitutional lack of public necessity was denied that same day. The court took under advisement the peremptory exception of unconstitutionality of the Quick Take Statute. In in a written judgment signed on October 22, 2021, the trial court granted the exception. That judgment provided, in pertinent part, as follows:

> This court is of the opinion that Mr. Trahan signed The Certificate of Engineer without complying to the statutory mandate. Considering the evidence presented, the court finds the procedural aspect of the taking

by Lafayette City Parish Consolidated Government was not in accordance with La.R.S. 19:39 et seq.

.    .    .    .

This court firmly believes that drainage is a public purpose and public interest. However, this Court finds that Lafayette City Parish Consolidated Government has not complied with the standards set forth in La.R.S. 139 et seq. Therefore, for the above reasons, this court grants the preemptive [sic] exception filed by Defendant, Lucile B[.] Randol Heirs, LLC.

Plaintiff filed a motion for suspensive appeal of that judgment. When the record was received by this court, we discovered that "the judgment did not contain decretal language dismissing the plaintiff[s'] claims." *Edwards v. Chrysler Motor Co., Inc.*, 07-326, p. (La.App. 1 Cir. 2/8/08), 984 So.2d 85. Therefore, we ordered Plaintiff to show cause why the appeal should not be dismissed as having been taken from a judgment lacking proper decretal language. *See Edwards*, 984 So.2d 85. Plaintiff timely responded to the rule to show cause, requesting that this court stay the appeal and remand for the limited purpose of having the trial court issue a judgment containing the requisite decretal language in accordance with this court ruling in *Louisiana State University Board of Supervisors through Louisiana State University Veterinarian Teaching Hospital v. Johnson*, 20-272 (La.App. 3 Cir. 8/5/20), 2020 WL 4500190 (citing *Mouton*, 237 So.3d 594, and *Input/Output Marine Systems, Inc.*, 52 So.3d 909.

In the instant case, the judgment contains no decretal language to dismiss Plaintiff's claim. Consequently, this court finds that it lacks jurisdiction to consider the merits of the appeal and cannot simply allow the matter to proceed in its current procedural posture. Instead, we will stay the appeal and remand this matter to the trial court for the limited purpose of rendering a proper final judgment as we did in *Mouton*, 237 So.3d 594.

**DECREE**

For the reasons given, this court lacks jurisdiction to consider the merits of this appeal because it was taken from a judgment that lacks proper decretal language. This appeal is suspended, and the matter is remanded to the trial court with instructions to sign a judgment containing proper decretal language no later than February 9, 2022. The Clerk of Court for the Fifteenth Judicial District Court shall forward the judgment so signed to this court as a supplement to the appellate record, in duplicate. Briefing will be reissued upon receipt of the supplemental record containing the judgment.

**APPEAL SUSPENDED. REMANDED WITH INSTRUCTIONS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.